# Wytheville.

## PAYNE V. ZELL.

### JUNE 14, 1900.

1. CONTINUANCE—*Discretion.*—A motion for a continuance is addressed to the sound discretion of the trial court, and, while its action is subject to review, it will not be reversed unless plainly erroneous.
2. NOTICE TO TAKE DEPOSITIONS—*Non-Residents.*—While notice to take depositions may be served on the counsel for a non-resident party, the time prescribed by section 3363 of the Code between date of service and taking deposition must elapse or the deposition cannot be read, if objected to.
3. NEGOTIABLE PAPER—*Value—Pre-Existing Debt—Collateral—Case at Bar.*—A pre-existing debt constitutes value for the transfer of negotiable paper. If the transfer be made merely as collateral, the transferee is a holder for value to the extent of the amount due him. In the case at bar, the note is complete and regular on its face, the plaintiff acquired it in good faith, for value before maturity, and without notice of any infirmity attaching to it.

Error to a judgment of the Circuit Court of the city of Richmond, rendered May 27, 1899, in an action of debt, wherein the defendant in erorr was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*O'Ferrall & Regester,* for the plaintiff in error.

*B. Rand. Wellford* and *William H. White,* for the defendant in error.

RIELY, J., prepared the opinion of the court.

The refusal of the court to continue the case, upon the motion of the defendant, constitutes the first assignment of error. A motion for a continuance is addressed to the sound discretion of the court under all the circumstances of the case; and, although an appellate court will review the action of the trial court, it will not reverse its judgment upon such motion, unless plainly erroneous. *Norfolk & Western R. Co.* v. *Shott,* 92 Va. 45, and *Hite's Case,* 96 Va. 489.

The suit was brought to first rules in December, 1898. The defendant filed no plea, nor entered any appearance, until the 21st of February, 1899, only a few days before the office judgment would have become final. The plaintiff being a non-resident, the defendant, on April 17, 1899, made a motion for security for costs, which was promptly given, and the case set for trial on May 22, 1899. Upon the calling of the case for trial on that day, the defendant being absent from the city, by consent of parties by counsel, it was set for trial on the 27th of May. When called for trial on the day to which it was so postponed, there was a motion by counsel for the defendant to continue the case. The ground assigned for the motion was that the defendant was unable to attend and testify by reason of an important business engagement in the city of Baltimore, and that his testimony was material. The record contains no explanation of his absence from the city, and not attending the court on May 22d, for which day the trial was first set; and, as to his absence on May 27th, it appears that the business appointment that kept him away was made several weeks before the day fixed for the trial of the case, and yet he made no effort to have the day for the trial of the case changed until it was called. Under the circumstances shown, the court properly overruled the motion for the continuance.

Nor did the court err in rejecting the deposition of the defendant upon the ground of the insufficiency of the notice to take it. The plaintiff resides in the city of Baltimore, and his

counsel in the city of Richmond, where the suit was brought. The statute, which authorizes the service upon the counsel of a party who is a non-resident of the State of a notice to take a deposition, prescribes that "the time between the service of notice and taking the deposition shall be sufficient for conveying by ordinary course of mail a letter from the place of service to the place of residence of the party, and a reply from that place back to the place of service, and then for the counsel to attend at the place of taking the deposition." (Code, sec. 3363.)

The notice was served on counsel in the city of Richmond at 3:45 P. M. on May 24th, to take the deposition at Hampton, Va., on May 26th, between the hours of 9 A. M. and 6 P. M. It was not practicable within the time intervening between the service of the notice and the date appointed for taking the deposition for counsel to communicate by letter with the plaintiff and receive a reply, and then attend at the place of taking the deposition. The service of the notice was not within a reasonable time, and was clearly insufficient.

The writing sued upon is a negotiable note made by the defendant, and transferred by the payee to the plaintiff. Upon the trial, the plaintiff introduced no evidence except the note, which, under the pleadings, was all that was necessary to make out his case.

The defendant put in evidence the depositions of the payee and the plaintiff, which he had taken in his own behalf, and examined orally one other witness. The defence relied upon to defeat a recovery was that there was a failure of the consideration for which the note was given, and that the plaintiff was not a holder for value or without notice, and that therefore the note was subject in his hands to any defence existing between the maker and the payee.

The evidence of the defendant proved that the payee was indebted to the plaintiff in the sum of $1,575 on account of the purchase of stock of the Country Club of Baltimore county, and,

before the maturity of the note sued on, endorsed and delivered it to the plaintiff in part payment of the said indebtedness. Whether the plaintiff accepted the note as payment on account of, or as security for, the said indebtedness is not altogether clear from the evidence, but whether the one or the other is immaterial, as in either case he is a holder for value. *Railroad Company* v. *National Bank*, 102 U. S. 14; Daniel on Negotiable Instruments, secs. 184, 826, 831(a), 1277, 1278(a); Bigelow on Bills and Notes, chap. 14, sec. 3; and Crawford's An. Neg. In. Law, pp. 30-31.

The entire transaction has taken place since the passage by the Legislature of the statute to revise, arrange, and consolidate into one act the laws relating to negotiable instruments, and although it may not have been previously settled in this State by decision whether or not a pre-existing debt constituted value for the transfer of negotiable paper, that question has now been settled by the said statute. (Acts 1897-'98, pp. 896, 918.) Section 25 of that act declares that "an antecedent or pre-existing debt constitutes value, and is deemed such, whether the instrument is payable on demand or at a future time."

Section 27 declares that "where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien," so that any person, to whom a negotiable security has been pledged as collateral, would be a holder for value to the extent of the amount due to him.

The plaintiff therefore became a holder of the note for value before it matured.

It is equally clear from the evidence that he is also a holder without notice of the failure of the consideration for which the note was executed, or of any other infirmity attaching to it. It was endorsed by the payee and delivered by him to the plaintiff five days before its maturity, and two days even before the date of the letter of the defendant to the payee making com-

plaint for the first time of the failure of the consideration, and objecting to its payment. The evidence fails to establish that the plaintiff at the time the note was transferred to him by the payee knew what was the consideration of the note, or for what purpose it was given, or that it was affected with any infirmity whatever.

The note is complete and regular on its face; the plaintiff acquired it in good faith and for value before its maturity; and without notice of any infirmity attaching to it.

Upon the motion for a continuance of the case, the deposition of the defendant, which was rejected when offered in evidence on the trial because of insufficient notice to take it, was used in support of the motion in order to show the materiality of his testimony, and was made a part of the bill of exception to the refusal of the court to continue the case. Upon an inspection of the deposition, it is seen that the facts that he relates refer wholly to the transactions between the payee and himself in reference to giving the note, and that he did not undertake to prove that the plaintiff had notice before or at the time the note was transferred to him of any fact tending to invalidate it. So that if the deposition had been admitted in evidence on the trial, it contained nothing that could have changed the result.

The court very properly sustained the demurrer of the plaintiff to the defendant's evidence, and gave judgment for the plaintiff for the amount of the note. Its judgment must be affirmed.

*Affirmed.*