CHESAPEAKE AND OHIO RAILWAY CO. V. NEWTON'S
ADMINISTRATOR.

March 11, 1915.

1. CONTINUANCE—*Absent Witness—Materiality — Corroboration.* —
A motion for a continuance is always addressed to the sound
discretion of the trial court, under all the circumstances of
the case, and an appellate court will not reverse its judgment,
in the exercise of that discretion, unless plainly erroneous.
In the case at bar, the absent witness was an eye witness to
the facts to be proved. Other eye witnesses were present at
the trial, and it is not probable that the testimony of the
absent witness could have been more than cumulative.

2. PLEADING—*Declaration—Duplicity—Several Matters—One Prop-
osition.*—A declaration is not bad for duplicity which states
conjunctively several concurrent causes co-operating together
to produce the injury complained of. Several matters con-
stituting but one connected proposition may be stated in a
single count of a declaration, and are not amenable to the
objection of duplicity.

3. MASTER AND SERVANT—*Act of Vice-Principal—Insufficient Num-
ber of Servants.*—If a servant is injured in consequence of
the attempt of a vice-principal and an insufficient number of
servants to do the work attempted with reasonable safety, and
without negligence on the part of the injured servant, the
master is liable.

4. MASTER AND SERVANT—*Vice-Principal—Foreman of Gang.*—A
foreman in charge of a gang of bridge painters, directing
their work and movements and occupying a position of su-
periority over the gang, is a vice-principal.

5. MASTER AND SERVANT—*Negligence of Vice-Principal.*—If the
misconduct of a vice-principal enters into and constitutes a
part of the negligent act producing an injury, the master is
liable as though he alone were at fault. Courts will not
undertake to distribute the fault.

6. MASTER AND SERVANT—*Manner of Doing Business—Assumption
of Risk.*—A servant cannot be said to have assumed the risk

of the manner in which the master does his work, where a vice-principal undertakes to do the work in an unusual manner, as where he attempts, for the first time, to move a swinging ladder with an insufficient number of hands.

7. MASTER AND SERVANT — *Negligence of Servant* — *Last Clear Chance.*—Although a servant may have occupied an improper position in doing his work, if a vice-principal, in directing work near the negligent servant, saw or by the exercise of ordinary care could have seen him, in ample time to avoid injury to him, and failed to give him any warning of his danger, the doctrine of the "last clear chance" applies and the master is liable for the resulting injury.

8. INSTRUCTIONS—*Evidence to Support.*—It is not error to refuse an instruction which there is no evidence to support.

9. VERDICT—*Supported by Evidence.*—The verdict of a jury will not be set aside where the case was fairly submitted to the jury, and the verdict is amply supported and justified by the evidence.

Error to a judgment of the Hustings Court Part II of the city of Richmond in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*D. H. & Walter Leake* and *Henry Taylor, Jr.,* for the plaintiff in error.

*L. O. Wendenburg,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by the administrator of William W. Newton, deceased, to recover of the defendant company damages for its alleged negligence in causing the death of the plaintiff's intestate. The trial resulted in a verdict and judgment for $10,000 against the defendant company, which this writ of error brings under review.

Considering the evidence, as must be done in this court, from the standpoint of a demurrer thereto, the following facts appear to be established: The decedent, a young man twenty-two years of age, was engaged with others, as an employee of the defendant, in painting the iron trestle of the company which runs along the north side of James river in the city of Richmond. The scaffolding, or staging, used in doing this work consisted of long ladders which were suspended by ropes and pulleys, with planks thereon, making a sort of platform for the men to stand on while at work. At the time of the accident the foreman in charge was having the ladders moved forward by three painters, in order that the work might progress, and in doing this struck the deceased, who was working about fifteen feet away with his back to them, wholly unconscious that the ladders were being moved upon him until he was struck and dashed to the rocks below, sustaining injuries from which he died.

The evidence tends to show, (1) that the accident was the result of the foreman's attempt to move the ladders forward with three men when four was the least number that could make the move with safety; (2) that the foreman, who was directing the work, was standing where he could see, or by the exercise of ordinary care could have seen, the deceased, and could have warned him of his danger, or could by an order to the men under his control have stopped them from attempting to move the staging until the deceased was in a place of safety; and (3) that the foreman had been drinking and at the time of the accident was under the influence of liquor. This condition of the foreman was alone sufficient to account for the negligence of which the jury's verdict convicted him.

The first assignment of error is to the action of the court in refusing a continuance of the case on the motion of the defendant company.

The witness, whose absence was the ground of this motion, was out of the state and was one of the three painters engaged in moving the ladders. The other eye-witnesses to the accident were present at the trial, and it is not probable that the evidence of a fourth eye-witness could have been more than cumulative. A motion for a continuance is always addressed to the sound discretion of the trial court, under all the circumstances of the case, and an appellate court will not reverse its judgment, in the exercise of that discretion, unless plainly erroneous. *N. & W. Ry. Co.* v. *Shott,* 92 Va. 35, 22 S. E. 811; *Payne* v. *Zell,* 98 Va. 294, 36 S. E. 379; *Kinzie* v. *Riley's Exors,* 100 Va. 709, 42 S. E. 872.

The record in the present case does not show that the action of the court in overruling the motion for a continuance was plainly erroneous.

The second assignment of error is to the action of the court in refusing to require the plaintiff to elect upon which ground of negligence stated in the declaration he would proceed, and having refused to require this, in failing to strike out the declaration upon the ground of duplicity.

The declaration, which contains but one count, is not amenable to the charge of duplicity or any other objection. It sets forth that the foreman had the supervision, control and direction of the men moving the scaffolding; that it was dangerous to move the scaffolding without a sufficient number of men to do the work with reasonable safety, and that the defendant and its foreman knew that it was dangerous to move it with only three men, and it was the duty of the defendant not to attempt to move it with only three of the painters, but that notwithstanding this the foreman negligently ordered the three painters to move the scaffolding although he saw, or by the exercise of ordinary care could have seen the danger of the decedent;

and that if the scaffolding was so moved the decedent would be struck. These matters constitute but one connected proposition. They are conjunctively alleged as concurrent causes co-operating together to produce the injury complained of, and are in no sense allegations of separate and distinct causes of action that should not have been combined in one count. *N & W. Ry. Co.* v. *Ampey,* 93 Va. 108, 25 S. E. 226.

The third assignment of error is to the action of the court in giving, refusing and modifying instructions.

Objection is made to the two instructions given for the plaintiff, the first of which is as follows: "The court instructs the jury that if they believe from the evidence that the plaintiff's decedent at the time of the accident was engaged in painting the trestle of the defendant in the performance of his duties, and that while so engaged the defendant company attempted to move the swinging scaffold with the aid of three of its employees, including the foreman, Wood, and that this was not a sufficient number of men to do this work with reasonable safety to the plaintiff's decedent, and thereby the injury complained of was caused, then this is negligence for which the defendant is liable, unless the plaintiff's decedent was guilty of contributory negligence."

No valid objection is suggested to this instruction. It is based upon the evidence in the case and correctly states the law applicable thereto.

The second instruction given for the plaintiff is as follows: "The. court instructs the jury that if you believe from the evidence that the plaintiff's decedent at the time of the accident was engaged in painting the trestle of the defendant in the performance of his duties, and that while so engaged the defendant company attempted to move the swinging scaffold, and in doing this the agents of the defendant began to move the ladder towards the back of

plaintiff's decedent, and to do this under all the circumstances was negligence on the part of the said defendant's agents, including the foreman, and that said foreman had the supervision of said work, and was the superior of said decedent, or had the right, or was charged with the duty, of controlling and directing the general services and the immediate work of the decedent and the other men engaged in said work, and thereby the accident resulted without negligence of the said decedent, you must find for the plaintiff.    And the court further instructs the jury that if you believe from the evidence that the accident was caused as set forth in this instruction by the manner in which said ladder or scaffold was being moved, and that this put the said decedent in a perilous position without any negligence on his part, and that this peril was seen, or could have been seen, by said foreman by the use of ordinary care and caution on his part, in time to avoid the accident, and that the said foreman failed to do this, then the defendant is liable, and you must find for the plaintiff; even though you may believe from the evidence the defendant (manifestly meaning the deceased) was guilty of contributory negligence."

It is objected that this instruction gives some assent to the idea that there could be a recovery for negligence on the part of the fellow-servants of the deceased, other than the foreman.

In this case the foreman occupied the relation of vice-principal to the deceased and the other painters who were working under him. (Acts 1912, p. 583.) His position was one of admitted superiority, and the evidence shows or tends to show that the three painters who were attempting to move the ladders were acting under the immediate control and direct orders of the foreman.    The case proceeded throughout upon the theory that the deceased was struck and thrown from the trestle solely as a result of the negligence of the foreman in ordering the ladders to be moved

33

by an insufficient force to properly handle and control them. Under such circumstances it is not at all probable that the jury could have been misled by this instruction in the particular now suggested. If, however, the misconduct of the vice-principal entered into and constituted part only of the negligent act which caused the injury, then the courts will not undertake to distribute the fault, but will hold the railroad company responsible as though it alone were guilty. *N. & W. Ry. Co.* v. *Nuckols' Admr.*, 91 Va. 193, 21 S. E. 342; *Va. & S. W. R. Co.* v. *Bailey,* 103 Va. 205, 226, 49 S. E. 33.

It is further objected that this instruction gives assent to the theory that there could be a recovery for an injury occasioned on account of the manner in which the work was done. This was not the intent or effect of the instruction. The evidence, as already seen, tends to show that this scaffolding could not be moved with three men without danger to the deceased who was on the trestle painting at a distance from the ladders of fifteen feet. It further tends to show that no attempt to move the ladders with three men had ever been made before. If this were the only time the work of moving the ladders had been attempted with three men, and it was being done at the rear of the decedent without his knowledge, then it was not a risk incident to the manner in which he knew, or in the exercise of ordinary care ought to have known that the defendant conducted its business, and was, therefore, not one of the risks assumed by him. On the contrary, the decedent had the right to assume that the defendant, through its foreman, would not attempt the unusual task of moving the scaffold with an insufficient force, while he was doing something else with his back to them.

Objection is further made that the instruction under consideration improperly bases the plaintiff's right to recover upon the doctrine of the "last clear chance." This objec-

tion is not well taken.   As already seen, when the foreman
was having this scaffolding moved with an insufficient force
he was standing on the structure above the deceased, where
he could see, or by the exercise of ordinary care could have
seen, his peril, and could have averted the accident by
warning him of his danger or by a word to the men to
stop with the ladders until the deceased could get out of the
way.   These facts present a plain case for the application
of the doctrine of the "last clear chance," if the jury be-
lieved that the deceased was, as contended by the defendant,
guilty of negligence in being at the point on the trestle
where he was when the accident happened; because not-
withstanding such negligence the defendant, through its
foreman, saw the deceased, or by the exercise of ordinary
care could have seen him, in ample time to have saved his
life.

What has been here said touching the application to this
case of the doctrine of the "last clear chance" sufficiently
disposes of the further objection made to the action of the
court in modifying instructions "B" and "E," asked for
by the defendant.   In view of the evidence, already ad-
verted to, it was proper that each of those instructions,
which told the jury to find for the defendant, should have
concluded with the proviso, "unless the defendant saw or
by the exercise of ordinary care could have seen that the
decedent was in a perilous position and failed to exercise
ordinary care to avoid the accident."

Instruction "F" asked for by the defendant was properly
refused because there was no evidence upon which it could
be based.

Instruction "G" asked for by the defendant was as fol-
lows: "The court instructs the jury that there can be no
recovery in this case on the ground of any alleged insuffi-
ciency in the number of servants employed."

In view of the evidence it is difficult to understand upon what theory this instruction was requested. The record furnishes no justification for it and it was properly refused.

The fourth assignment of error was to the action of the court in refusing to set aside the verdict as contrary to the law and the evidence.

We are of opinion that the motion to set aside the verdict was properly overruled. The case was fairly submitted to the jury, and their verdict was amply supported and justified by the evidence.

The judgment complained of must be affirmed.

*Affirmed.*