# CRIMINAL CASES.

## Staunton.

### LUFTY V. COMMONWEALTH.

September 17, 1919.

Absent, Burks, J.

1. RAPE—*Attempt to Rape—Sufficiency of Indictment—Conformity to Statute—"Ravish."*—An indictment charging that defendant "with force and arms in and upon one Ethel Garrison, she being then and there a female child under the age of fifteen years, to-wit, of the age of ten years, feloniously did make an assault and her, the said Ethel Garrison, then and there did feloniously attempt to carnally know and abuse," sufficiently states the crime of attempted rape. The indictment conforms substantially, and almost literally, with the language of sections 3680 and 3888 of the Code of 1904, the former defining the crime of rape, and the latter prescribing punishment for attempted crimes. The omission of the word "ravish" from the indictment did not render it insufficient.

2. CONTINUANCES—*Speedy Trial—Discretion of Court as to Continuance—Review by Appellate Court—Cumulative Evidence.*—Section 4016 of the Code of 1904 provides that the person indicted for felony shall be tried at the same term at which the indictment is found, unless good cause be shown to the contrary. Whether good cause is shown upon a motion for a continuance is a question which rests largely in the discretion of the trial court; and, while the exercise of such discretion is reviewable, the judgment of the trial court in that respect will not be reversed unless plainly erroneous; and to warrant a continuance for the absence of a witness, the evidence of such witness must be more than merely cumulative.

3. CONTINUANCES—*Absence of Witness—Cumulative Evidence as to Character—Case at Bar.*—In the instant case defendant moved for a continuance because of the absence of a witness who had been duly summoned, but was unable to appear because too

unwell, as shown by the certificate of her family physician. The record showed that defendant expected to prove by this witness that he was a young man of high character and standing.

*Held:* That it was not error for the trial court to overrule this motion, where ten witnesses introduced by the defendant had testified to his good character and no attack had been made by the Commonwealth upon these witnesses, and ·no effort to rebut their evidence.

4. CONTINUANCES—*Absence of Witness—Record Showing What Testimony of Absent Witness Would Have Been.*—In a prosecution for attempted rape, defendant moved for a continuance on the ground of the absence of a witness who would have testified as to his good character, "and that she also knew the character of the girl and her mother, who made the charge." It did 'not appear from the record whether the witness, if permitted to testify at all on the subject, would have said that the character of prosecutrix or her mother was bad, nor eveñ that she knew anything about their reputation for truth and veracity. The character of the girl and her mother was not in issue except as witnesses, and therefore the trial court did not err in overruling the motion for a continuance.

5. INSTRUCTION—*Reasonable Doubt—Character of Accused.*—A "reasonable doubt" ·always entitles a defendant in a criminal prosecution to an acquittal, and it is proper in a case where there is "any doubt" as to his guilt to tell the jury that evidence of his good reputation "is a fact to be considered by them," ·or "may be allowed to resolve the doubt in his favor;" but it is not proper to practically take the case from the jury by instructing them that upon such evidence "they should resolve the doubt in his favor and ·should acquit him."

6. RAPE—*Instructions—Ignoring Defendant's View of the Case.*— In a prosecution for attempted rape, the court instructed the jury that if they believed from the evidence beyond a reasonable doubt that prosecutrix was under fifteen years of age, and that the accused attempted by force to have intercourse with her, and that he did any overt act toward carrying out that purpose, then he would be guilty. It was claimed that this instruction ignored the defendant's view of the case. His view simply was that he was 'not guilty, and the instruction expressly recognized that view by imposing upon the Commonwealth the burden of proving beyond a reasonable doubt that he did the things which were recited in the instruction, and the doing of which plainly rendered him guilty of attempted rape. The instructions given at his own instance were without conflict with that of the Commonwealth, and fully covered and guarded the defendant's theory.

7. RAPE—*Instructions—Elements of the Crime.*—In a prosecution for rape, the court instructed the jury that if they believed beyond a reasonable doubt that the prosecutrix was under fifteen years of age, and that the accused attempted by force to have intercourse with her, and did any overt act toward carrying out that purpose, then he was guilty of attempted rape. It was objected to this instruction that it failed to recognize the two essential elements of an attempt to commit a crime— (1) the intent, and (2) some ineffectual act done toward its commission.

*Held:* That both these elements were clearly embodied in the instruction.

8. CRIMINAL LAW—*New Trial—Verdict Contrary to the Law and the Evidence.*—In the instant case, a prosecution for rape, it was earnestly insisted that the testimony of the prosecutrix, corroborated by that of her companion, a girl eight years old, was incredible and unbelievable, and therefore that the verdict of guilty should be set aside as contrary to the law and the evidence. While conceding that the story as told by the girl and her companion appeared improbable, the Supreme Court of Appeals, upon a careful examination of all the evidence, was of opinion that the case was one in which it could not interfere with the verdict of the jury.

Error to a judgment of the Corporation Court of city of Roanoke.

*Affirmed.*

The opinion states the case.

*Hairston & Hairston,* for the plaintiff in error.

*Jno. R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Morton L. Wallerstein,* for the Commonwealth.

KELLY, J., delivered the opinion of the court.

Lufty was indicted for an attempt to commit rape. He was tried and convicted of an assault, and sentenced to six months in prison and the payment of a fine of two hundred dollars. There are four assignments of error.

[1] 1. This indictment charged that the defendant "with force and arms in and upon one Ethel Garrison, she being then and there a female child under the age of fifteen years, to-wit, of the age of ten years, feloniously did make an assault, and her the said Ethel Garrison then and there did feloniously attempt to carnally know and abuse."

The defendant demurred to the indictment and moved to quash the same "on the ground that it insufficiently stated the crime of attempted rape." The court overruled the demurrer and motion to quash, and its action in doing so, though excepted to, was plainly right. That the defendant himself fully understood the charge against him is manifest from the very words in which he asserted it. The indictment conforms substantially, and almost literally, with the language of sections 3680 and 3888 of the Code, the former defining the crime of rape, and the latter prescribing punishment for attempted crimes.

In *Cunningham* v. *Commonwealth*, 88 Va. 37, 13 S. E. 309, the charge was that the accused, "with force and arms, in and upon one Martha Hartsook, violently and feloniously made an assault, and her the said Martha Hartsook, feloniously did attempt to ravish and carnally know." The indictment was held good, and the opinion of the court in that case conclusively meets and answers the objection to the indictment in the present case. And we may add, that the word "ravish" appearing in the indictment in the *Cunningham Case,* and omitted therefrom in the instant case, was not necessary to either.

In *Christian's Case,* 23 Gratt. (64 Va.) 954, cited by counsel for the accused, and conceded in the brief for the Commonwealth to have held that the word "ravish" must appear in an indictment for rape, it is true that the opinion delivered by Judge Anderson, did announce that proposition, but a majority of the court, while concurring in the reversal of the sentence on other grounds, were of opinion

that the indictment was good. Of course, the word "ravish" is not necessary in a case like this where the prosecutrix is under the age of consent.

[2] 2. The defendant was tried at the same term of court at which he was indicted. Upon the calling of his case he moved for a continuance, because of the absence of a witness, Mrs. Ayers, who had been duly summoned but was unable to appear because too unwell, as shown by the certificate of her family physician. The motion was overruled, and the defendant excepted. So far as the record shows, the facts which this witness was expected to prove were: "That she lived in the same block where the offense was alleged to have been committed and knew the defendant well; had been in his store frequently where the crime was said to have been committed, and knew that he was a young man of high character and standing; and that she also knew the character of the girl and her mother, who made this charge."

Section 4016 of the Code provides that a person indicted for felony shall be tried at the same term at which the indictment is found, unless good cause be shown to the contrary. Whether good cause is shown upon a motion for a continuance, is a question which rests largely in the discretion of the trial court, and while the exercise of such discretion is reviewable, the judgment of the trial court in that respect will not be reversed unless plainly erroneous; and to warrant a continuance for the absence of a witness, the evidence of such witness must be more than merely cumulative. *C. & O. Ry. Co.* v. *Newton,* 117 Va. 260, 263, 85 S. E. 461, and cases cited.

[3, 4] In this case the defendant introduced ten witnesses, who testified to his good character. Seven of these were mothers living in the immediate vicinity of the alleged crime, who testified that they and their young daughters had frequently made purchases in the defendant's store, and

always found him polite and well behaved. No attack was made by the Commonwealth upon these witnesses, and no effort to rebut their evidence. The testimony of Mrs. Ayers, therefore, could have been only cumulative as to the defendant's character. As to the character of the girl and her mother, it does not appear whether Mrs. Ayers, if permitted to testify at all on the subject, would have said that their character was bad, nor even that she knew anything about their reputation for truth and veracity. The character of the girl and her mother was not in issue except as witnesses.

We find no error, therefore, in the refusal of the court to continue the case.

[5] 3. The defendant asked for four instructions, all of which were given as asked, except No. 2, which was as follows: "The court instructs the jury that the character of the accused when proven in a case, whether good or bad, is a fact to be considered by them, and if the jury from the evidence have any doubt as to the guilt of the accused, then the evidence of his good character should resolve that doubt in his favor, and you should acquit him." The court refused to give this instruction, and substituted the following: "The court instructs the jury that the character of the accused when proven in a case, whether good or bad, is a fact to be considered by them, and if the jury from the evidence have any reasonable doubt as to the guilt of the accused you should acquit him."

The defendant cites Phillips on Instructions, sec. 995, par. 3, asserting that instruction No. 2, as requested, "is copied almost verbatim" from that authority. The instruction found in the section of Phillips on Instructions here cited is taken from *Wadley's Case*, 98 Va. 810, 35 S. E. 452, and is in the following language: "The court instructs the jury that the burden of proof is on the Commonwealth to prove, beyond a reasonable doubt, every essential ingredient necessary to constitute the offense charged in the

indictment, and if the jury from the evidence, have any doubt as to the guilt of the accused, then, evidence of his good reputation may be allowed to resolve the doubt in his favor."

It is manifest, not only from the language of the instruction last quoted, and cited by the defendant in support of his original instruction No. 2, but also as an independent proposition, that there was no error in the court's refusal of No. 2 as asked, and its action in giving the same as modified in the manner above shown. A "reasonable doubt" always entitles a defendant in a criminal prosecution to an acquittal, and it is proper in a case where there is "any doubt" as to his guilt to tell the jury that evidence of his good reputation "is a fact to be considered by them," or "may be allowed to resolve the doubt in his favor;" but it is not proper to practically take the case from the jury by instructing them that upon such evidence "they *should* resolve the doubt in his favor and should acquit him." The instruction as given in this case was substantially the same as the one approved in *Wadley's Case,* and in Phillips on Instructions, cited *supra.*

[6]   4. The court gave the following instruction on behalf of the Commonwealth: "The court instructs the jury that if you believe from the evidence beyond a reasonable doubt that Ethel Garrison is under fifteen years of age, and if you further believe from the evidence beyond reasonable doubt that the accused, Moses Lufty, attempted by force to have intercourse with her, and that he did any overt act toward carrying out that purpose, such as taking hold of her, or throwing her down, then he would be guilty of attempted rape as charged in the indictment in this case."

It is claimed that this instruction ignored the defendant's view of the case. His view simply was that he was not guilty, and the instruction expressly recognized that view

90

by imposing upon the Commonwealth the burden of proving beyond a reasonable doubt that he did the things which were recited in the instruction, and the doing of which plainly rendered him guilty of attempted rape. The instructions given at his own instance were without conflict with that of the Commonwealth and fully covered and guarded the defendant's theory. The issue was merely that of his guilt or innocence.

[7] The further objection, that the instruction given for the Commonwealth failed to recognize the two essential elements of an attempt to commit a crime, (1) the intent, and (2) some ineffectual act done towards its commission, is answered by the language of the instruction itself. Both elements are clearly embodied therein.

[8] 5. The last assignment of error is based upon the refusal of the court to set aside the verdict as contrary to the law and the evidence. It is earnestly insisted that the testimony of the prosecutrix, corroborated by that of her eight-year-old girl companion, is incredible and unbelievable. It may be conceded that the story as told by them appears improbable. Upon a careful examination of all of the evidence, however, we are of opinion that the case is one in which we cannot interfere with the verdict of the jury.

We find no error in the judgment complained of, and the same must be affirmed.

*Affirmed.*