# Wytheville.

## RICHARD BARRACK V. COMMONWEALTH.

### June 11, 1925.

Argued before Judge Chichester took his seat.

1. INTOXICATING LIQUORS—*Reputation as Violator of the Prohibition Laws—Constitutionality.*—The prohibition law (section 73, chapter 345, Acts 1922, now section 41½, chapter 407, Acts 1924), allowing the Commonwealth in a prosecution of any offense against the prohibition laws of the State to prove the general reputation of the accused as a violator of the prohibition laws, is constitutional.

2. CONTINUANCES—*Discretion of Court.*—A motion for a continuance is addressed to the sound judicial discretion of the trial court, under all the circumstances of the case, and unless that discretion is abused and the ruling is plainly wrong, the appellate court will decline to disturb it.

3. INTOXICATING LIQUORS—*Continuance to Rebut Evidence of Reputation as a Violator of the Prohibition Laws—Case at Bar.*—In the instant case a witness testified that he knew the general reputation of the accused as a violator of the prohibition law, and that it was bad, but could recall only one person who had so stated it to him. Counsel for the accused thereupon moved the court to suspend the trial and give the accused the opportunity to secure the attendance of this person. This the court refused.

   *Held:* That the evidence of the guilt of the accused was such that the trial court did not abuse its discretion in refusing the postponement asked for.

4. SENTENCE—*Period of Confinement—"Month"—Case at Bar.*—In the instant case the statutory penalty for the offense of which the accused was convicted was a fine and confinement in jail not less than one nor more than six months. The jury fixed accused's punishment at thirty days in jail and he was accordingly sentenced.

   *Held:* Error, as the calendar month was thirty-one days, and Code of 1919, section 5, subsection 7, provides that unless otherwise expressed "month" shall mean calendar month, but the error was in favor of the accused, was *de minimis* and harmless.

5. INTOXICATING LIQUORS—*Possession of Still and Substances Capable of Being Used in the Manufacture of Liquor—Evidence Sufficient to Support*

*Conviction.*—Prohibition officers captured a still about three hundred yards in the rear of the home of accused, which appeared to have been in operation the night before. They also found a half barrel of cider at the still, a barrel of cider about fifty yards from the still near the path leading from the still to accused's barn, and another barrel of cider in his barnyard. They also found empty kegs and barrels at accused's house, some of which smelled of apple brandy. Accused bore a bad reputation as a violator of the prohibition law. The accused denied any knowledge of the still or any of the cider, except the barrel in the barnyard which he had there for the purpose of making vinegar. He stated that the still was on land owned by his father, but did not say who was in possession of the land. He denied that he had ever manufactured intoxicating liquors. He gave an innocent explanation of the path leading from his barnyard to the still, and claimed that there were other families living near the place where the still was found.

*Held:*   That there was ample evidence to support a verdict of guilty.

Error to a judgment of the Circuit Court of Lancaster county.

*Affirmed.*

The opinion states the case.

*T. J. Downing* and *R. O. Norris, Jr.*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile, Assistant Attorney-General,* and *Lewis H. Machen, Assistant Attorney-General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

Richard Barrack was convicted of unlawfully having in his possession a still and substances capable of being used in the manufacture of ardent spirits, and sentenced to jail for thirty days and to pay a fine of $50.00.

Just before Christmas, 1923, two prohibition officers captured a fifty gallon still about three hundred yards in the rear of the home of the accused, which appeared

to have been in operation the night before. They also found a half barrel of cider at the still, a barrel of cider about fifty yards from the still near the path leading from the still to accused's barn lot and another barrel of cider in his barn yard. The officers also found two empty five gallon kegs, and several empty barrels and jugs at accused's house, some of which smelled of apple brandy.

The accused bore a bad reputation as a violator of the prohibition law.

Testifying in his own behalf, accused denied that he owned or had any knowledge of the still or any of the cider except the barrel in the barn yard which he said he had there for the purpose of making vinegar. He claimed the path leading from his barn yard down towards the still was formerly used by him in going to a spring for water before he dug his well, but he now used it in going to get eggs from the hens' nests. He admitted that the still was nearer to his house than that of anyone else, but claimed that there was also a path which led from the still in the opposite direction from his house, and that there were several other families living within a half mile of the place where the still was found. He stated the still was on land owned by his father, but did not say who was in possession of the land. He denied that he had ever manufactured or sold intoxicating liquors.

The officers did not see any spring on the path leading from the still to the accused's barn yard.

The accused assigns as error the action of the court—

1. In permitting witnesses to testify to the reputation of the accused as a violator of the prohibition laws; (2), in refusing to grant the accused a continuance; (3), in refusing to set aside the verdict because the jail sentence imposed is not in compliance with the law; and

(4), in refusing to set aside the verdict as contrary to the law and the evidence.

### First Assignment.

[1] It is earnestly contended that section 73 of the State .prohibition law (section 73, chapter 345, Acts 1922, now section $41\frac{1}{2}$, chapter 407, Acts 1924), allowing the Commonwealth in a prosecution of any offense against the prohibition laws of the State to prove the general reputation of the accused as a violator of the prohibition laws, is unconstitutional and void, under sections 8, 63 and 64 of the Constitution of Virginia, and also under the fourteenth amendment to the Constitution of the United States.

Our views upon the question raised here are fully set forth in the opinion handed down today in the case of *Obey Anthony* v. *Commonwealth, ante* page 577, 128 S. E. 633, and further discussion is deemed unnecessary. For the reasons there stated we are of the opinion that the statute in question is valid and that this assignment of error is without merit.

### Second Assignment.

J. C. McKenney, who testified to the reputation of the accused as a violator of the prohibition law, in answer to a question *on cross-examination,* stated that Lawless Lowry had told him, a short time after the still was captured near Barrack's home, that he was sorry about it as he expected to get his Christmas liquor there.

Counsel for the accused thereupon moved the court to suspend the trial and give the accused the opportunity to secure the attendance of Lowry as a witness for

the defense, stating that Lowry lived about twelve miles away in an adjoining county, and that counsel was informed that Lowry would contradict the statements which McKenney had attributed to him. The court overruled his motion and required the accused to proceed with his trial.

[2] A motion for a continuance is addressed to the sound judicial discretion of the trial court, under all the circumstances of the case, and unless that discretion is abused and the ruling is plainly wrong, this court will decline to disturb it. *Cottrell's Case,* 134 Va. 555, 113 S. E. 728, and cases cited.

[3] In the instant case, the witness McKenney testified that he knew the general reputation of the accused as a violator of the prohibition law, and that it was bad, but could recall only one person who had so stated to him, and that was Lawless Lowry, who made the statement above mentioned. The evidence of the guilt of the accused was such that we are satisfied that the trial court did not abuse its discretion in refusing the postponement asked for.

### Third Assignment.

[4] The statutory penalty for the offense of which the accused was convicted is a fine of not less than fifty and not more than five hundred dollars and confinement in jail not less than one nor more than six months. The jury fixed accused's punishment at thirty days in jail and a fine of fifty dollars. Subsection 7, section 5, chapter 2 of the Virginia Code of 1919, provides that the word "month," unless otherwise expressed, shall be construed to mean a calendar month.

In construing another section of the prohibition law, this court held, in *Cochran's Case,* 122 Va. 801, 94 S. E.

329, that the word "month" should be read "calendar month."

The accused was convicted and sentenced on the 18th day of March, 1924. The calendar month would have expired on April 18, 1924, which would have been thirty-one days, one day more than the jail penalty imposed by the jury. It is insisted that the verdict should be set aside because thirty days is not one month within the meaning of the statute.

This court, in *Jones* v. *Commonwealth*, 20 Gratt. (61 Va.) 848, 853, reversed the judgment because the term of confinement was fixed by the verdict and judgment at three years, when the shortest term of confinement. fixed by the statute with which the offense could be punished was five years in the penitentiary.

In our opinion, the judgment complained of is erroneous, but the error is in favor of the accused, is *de minimis* and harmless.

*Fourth Assignment.*

[5] Under this assignment of error it is contended that the verdict is contrary to the law and the evidence.

We have disposed of all questions of law raised in the petition. We have given the material portions of the evidence in the statement of facts on the first page of this opinion, and in the discussion of the other assignments of error. A restatement of the evidence would seem unprofitable.

The conflicts in the evidence were for the jury, and they have resolved them against the accused. There was ample evidence to support the verdict of the jury.

The judgment will be affirmed.

*Affirmed.*