## Staunton.

### W. L. VINEYARD v. COMMONWEALTH.

September 17, 1925.

1. CONTINUANCES—*Absent Witness—Evidence Must not be Merely Cumulative.*—To warrant a continuance for the absence of a witness, the evidence of such witness must be more than merely cumulative.

2. CONTINUANCES—*Discretion of Trial Court—Appeal and Error.*—A motion for a continuance is addressed to the sound discretion of the trial court under all the circumstances of the case, and the Supreme Court of Appeals will not reverse its ruling upon such motion unless it appears that the court has abused such discretion.

3. CONTINUANCES—*Absent Witness—General Rule.*—As a general rule, where a witness has been duly summoned and is absent on account of sickness, or for other cause, if the party causing the witness to be summoned makes affidavit that the testimony of the witness is material, not merely cumulative, and that he cannot safely go to trial without his testimony, a continuance ought to be granted, if there is reason for believing that the attendance of the witness can be secured at the next term; unless the court should be satisfied from the circumstances that the object of the motion was to delay the trial and not to prepare for it.

4. CONTINUANCES—*Absence of Witness—Failure to Make Affidavit.*—Where the defendant fails to make a supporting affidavit, it is not error to overrule his motion for a continuance.

5. INTOXICATING LIQUORS—*Still—Evidence—Finding Still Slop—More than One Year from the Date of the Indictment—Harmless Error—Case at Bar.*—In the instant case, the trial of an indictment returned January 15, 1924, for having in possession a still, the Commonwealth had the right to prove that the defendant unlawfully had in his possession a still on different occasions during the year 1923 and within one year of the date the indictment was found; and if it was error to admit evidence that in December, 1922, there was found at the same location at which the still was found in December, 1923, still slop and other evidence that a still had been operated there, the error was harmless as the other evidence for the Commonwealth and the admissions of the accused so completely established the guilt of the accused that it is unreasonable to believe that the verdict would not have been the same had the evidence complained of been excluded.

6. INTOXICATING LIQUORS—*Constitutionality of Act Permitting Evidence of Reputation of Accused as a Violator of the Prohibition Act.*—Section 73 of the prohibition act (section 4675 [42], Code of 1924), permitting the introduction of evidence as to the general reputation of accused as a violator of the prohibition law, is constitutional and valid.

7. INTOXICATING LIQUORS—*Possession of Still—Evidence Sufficient to Sustain Conviction.*—In a prosecution for having possession of a still, it appeared from the evidence that upon a search of accused's premises a furnace and copper still, with fire under it, bags of meal, malt, and a hose pipe were found; that tracks led from the still to the barn of the accused; and that a piece of hose was found which a witness had sold the accused several years before. Accused did not deny that he was the owner of the still. There was proof that he was reputed to be a violator of the prohibition laws.

*Held:* That the evidence was sufficient to support a verdict of guilty.

Error to a judgment of the Circuit Court of Scott county.

*Affirmed.*

The opinion states the case.

*W. S. Cox* and *S. H. Bond,* for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorney-Generals,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

W. L. Vineyard, who was convicted of unlawfully having in his possession a still, complains of a judgment sentencing him to jail for six months and to pay a fine of $500.00.

He makes five assignments of error.

He complains first of the court's action in refusing a continuance.

The defendant moved for a continuance on the ground of the absence of witnesses, Margaret Vineyard, Patrick Vineyard and David Haynes. They had been duly

summoned and it appeared from the certificate of a physician that one of the witnesses, Mrs. Margaret Vineyard, wife of the accused, was sick and unable to attend court. Upon being required to do so, counsel for the accused reduced to writing the substance of what Mrs. Margaret Vineyard would state, if called to testify, which is in the following words: "Mrs. Margaret Vineyard will state that she remembers the occasion when the officers made the raid in question, and her husband was at home on that night; that he went to bed about dark, or a little after, and that he did not leave the room that night. Witness will state that her husband came home late that day in the afternoon; that he had been away from home to Tennessee for two days; that prior to the time he went away he was engaged in work about and around the house and had no opportunity to be engaged in, or stilling, and was not engaged in, anything of the kind. I feel sure that if my husband had been engaged in stilling, I would have known it. When he would come into the house there was nothing about his clothing to indicate he had been about a still and there was no odor of whiskey about him. If he had been drinking any whiskey about that time I am sure I would have detected it."

Counsel for the accused stated that the evidence of the absent witnesses was material and that they could not safely go to trial without them. The court overruled the motion for a continuance and added that the defendant would be permitted, without the waiver of any right, to read to the jury the statement which would be made by Mrs. Vineyard, which was accordingly done. Counsel for the accused did not press his motion for a continuance so far as the same relates to the witnesses, Patrick Vineyard and David Haynes; nor did he make any statement or affidavit as to what

he expected to prove by them, or that he could not prove the same facts by any other witness. In his petition his argument is addressed to the action of the court in forcing him to trial without Mrs. Vineyard, and in admitting as evidence her written statement.

The court did not require counsel for the accused to read the statement of what Mrs. Vineyard would say, if called to testify, but simply permitted him to read it to the jury, without thereby waiving any right of his client. Under these circumstances the question is, was the accused prejudiced by the court's refusal to grant a continuance?

The tendency of Mrs. Vineyard's statement, if true, was to prove that the accused had not been engaged in *manufacturing* ardent spirits, and inferentially only that he was not the *owner* or *possessor* of a still.

It is apparent from the evidence that the accused testified to every material fact contained in his wife's statement, and that Dr. McCreary testified to many of the facts which she would have testified to. The portions of her statement which were not testified to by the witnesses who were examined were immaterial to the issue or matters of opinion on her part. So far as material, her testimony would have been merely cumulative.

[1] Judge Kelly, speaking for the court in *Lufty's Case*, 126 Va. 711, 100 S. E. 829, says: "To warrant a continuance for the absence of a witness, the evidence of such witness must be more than merely cumulative."

[2] A motion for a continuance is addressed to the sound discretion of the trial court under all the circumstances of the case, and this court will not reverse its ruling upon such motion unless it appears that the court has abused such discretion. *Matoaka Coal Corp. v. Clinch Valley Mining Corp.*, 121 Va. 260, 93 S. E.

799; *Payne* v. *Zell*, 98 Va. 294, 295, 36 S. E. 379; *Cottrell's Case*, 134 Va. 554, 113 S. E. 728; *Barrack* v. *Commonwealth*, 142 Va. 596, 128 S. E. 639.

[3] As a general rule, where a witness has been duly summoned and is absent on account of sickness, or for other cause, if the party causing the witness to be summoned makes affidavit that the testimony of the witness is material, not merely cumulative, and that he cannot safely go to trial without his testimony, a continuance ought to be granted, if there is reason for believing that the attendance of the witness can be secured at the next term; unless the court should be satisfied from the circumstances that the object of the motion was to delay the trial and not to prepare for it. *Hewitt* v. *Commonwealth*, 17 Gratt. (58 Va.) 629, 630; *C. & O. Ry. Co.* v. *Newton*, 117 Va. 260, 263, 85 S. E. 461; *Lufty* v. *Commonwealth*, 126 Va. 711, 100 S. E. 829.

[4] The defendant having failed to make such supporting affidavit, we decline, under the circumstances of the case, to hold that the court erred in overruling his motion for a continuance.

The accused next complains because the court refused to sustain his demurrer to the indictment.

This assignment is not discussed in the petition and we may assume that it has been waived. Besides, from an inspection of the indictment, it is manifest that it was a valid indictment under section twenty-one and one-half of the Mapp prohibition law. The demurrer was properly overruled.

The third assignment of error is based on the action of the trial court in permitting witnesses, Carter and Hensley, to testify as to finding evidence of the location of a still and the manufacture of ardent spirits on accused's premises on different occasions and at different places than the time and place referred to in the indictment.

The indictment was returned January 15, 1924, and charges that the defendant, "within twelve months next prior to the finding of the indictment, on the ___ day of _____in the year one thousand nine hundred and twenty-three, in said county of Scott, did unlawfully have in his possession a still  *  *  *  ." The still in question was found on December 13, 1923. In answer to questions these witnesses testified that they searched defendant's premises in December, 1922, and in July, 1923; that in July, 1923, they found an old still site about 400 yards from the place they found the still in December, 1923; that in December, 1922, they found, at the same location the still was found in December, 1923, in the small house near the still shed, still slop and other evidence that a still had been operated there.

[5] Manifestly the Commonwealth had the right to prove that the defendant unlawfully had in his possession a still on different occasions during the year 1923 and within one year of the date the indictment was found. If it was error to admit evidence that in December, 1922, there was found at the same location at which the still was found in December, 1923, still slop and other evidence that a still had been operated there, the error was harmless. The other evidence for the Commonwealth and the admission of the accused so completely established the guilt of the accused that it is unreasonable to believe that the verdict would not have been the same had the evidence complained of been excluded.

[6] The next assignment relates to the action of the court in permitting the Commonwealth to prove the reputation of the accused as a violator of the prohibition law. We have recently decided in the case of *Obey Anthony* v. *Commonwealth*, 142 Va. 577, 128 S. E.

633, that section 73 of the prohibition act, permitting the introduction of such evidence, is constitutional and valid. For the reasons stated in the *Anthony Case*, we are of the opinion that this assignment is without merit.

The fifth and last assignment of error involves the court's refusal to set aside the verdict as contrary to the law and the evidence.

There was ample evidence to warrant the jury in finding the accused guilty of the charges contained in the indictment.

[7] About 500 yards from his residence the officers who searched his premises found a large shed twenty feet long under which there was a furnace and copper still, with fire under it; also eleven bags of meal, some malt, two axes, a shovel, and a hose pipe. In a small house nearby there were three barrels of beer. There was also a pile of wood near the still which had been hauled from the home of the accused on a sled drawn by mules. The track of the sled and the tracks of the mules were traced through the snow from the barn of the accused to the still and return. In the barn from which the sled had been driven they found some meal and there was meal on the sled. They also found at the still a piece of hose which witness, Hensley, had sold the accused several years before; and the copper still appeared to be the same one which this witness had prior to that time seen at the home of the accused.

The accused did not deny that he was the owner of the still. He says: "I cannot say whether the copper still which was destroyed, or found at the still place, by Mr. Hensley and Mr. Carter, was mine. I only know that my wife had one and it is now gone. He admitted buying the rubber hose from Hensley but said he did not know where it was.

There is proof that the accused is reputed to be a

violator of the prohibition laws, who owns and operates stills through others, keeping himself, as far as possible, away from the places where the illicit manufacture of liquor is conducted.

We find no reason to reverse the judgment of the trial court.

*Affirmed.*