## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Diana L. Watson

v.

Edmond J. Dailey

December 4, 1970

Case No. 2623

## By JUDGE A. CHRISTIAN COMPTON

The law seems clear that the court should not allow the irrelevant fact of insurance coverage to reach the jury in the tort action in the case of a known uninsured motorist, over the objection of the plaintiff. *John Doe v. Brown*, 203 Va. 508, 516 (1962). Such would be the result if counsel for the uninsured motorist carrier were permitted to tell the jury that he did not represent the named defendant but the insurance company which covered the plaintiff. See also 21 Wash. & Lee L. Rev. 79, 88 (1964) and 48 Va. L. Rev. 1177, 1189 (1962).

As to the denial of the motion for a continuance the applicable rule is well-stated in *Vineyard v. Commonwealth*, 143 Va. 546 (1925) at page 550 as follows:

> As a general rule, where a witness has been duly summoned and is absent on account of sickness, or for other cause, if the party causing the witness to be summoned makes affidavit that the testimony of the witness is material, not merely cumulative, and that he cannot safely go to trial without his testimony, a continuance ought to be granted, if there is reason

for believing that the attendance of the witness can be secured at the next term; unless the court should be satisfied from the circumstances that the object of the motion was to delay the trial and not to prepare for it.

No affidavit, or other supporting evidence, was tendered to the court in support of the motion as to the materiality of the testimony of the absent witness. Moreover, (the defendant argues that the testimony of the witness would relate to the color of the light and would not be cumulative), it should be remembered that the defendant's eyewitness Hester testified as to the color of the light and other evidence surrounding the facts of the accident which were favorable to the defendant. Furthermore, the reporter's notes will indicate, I believe, that counsel for the defendant in answer to the court's inquiry could not state that there was "a reasonable probability" (not that the defendant could not "guarantee" as the defendant argues) that the witness would be present at a future date to testify if the case was continued. The court is of the opinion that the motion for continuance based on the absence of a witness was properly denied. See also 4 M.J. *Continuances*, Section 4 et seq., p. 286; *Burks' Pleading and Practice*, Section 262, p. 468 (4th ed.).