COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Salem, Virginia


APRIL DAWN WILSON

MEMORANDUM OPINION[*] BY

v.    Record No. 2856-00-3        JUDGE RUDOLPH BUMGARDNER, III
                                   NOVEMBER 20, 2001

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James F. Ingram, Judge

Greg T. Haymore (Turpin & Haymore, P.C., on
brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Randolph A. Beales, Attorney
General, on brief), for appellee.


The trial court convicted April Dawn Wilson of grand

larceny of a vehicle.  She contends the trial court abused its

discretion in granting the Commonwealth a continuance.  For the

following reasons, we affirm.

The initial trial date was July 24, 2000.  On that date,

the Commonwealth announced that its principal witness was not

present.  The witness, who lived in Greensboro, North Carolina,

had been present for the preliminary hearing and had testified

willingly.  She knew the trial date and had told the

Commonwealth that she would appear.  The Commonwealth mailed a

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

subpoena to her address.  The Commonwealth did not know why the witness was not present.  At the preliminary hearing, it had no indication that she would not appear at a future date.

The Commonwealth also planned to call a codefendant as a witness.  The Commonwealth had not summoned the codefendant because he was scheduled to appear for his own trial earlier on the day of defendant's trial.  He had agreed to plead guilty and testify against the defendant.  The Commonwealth did not know why the codefendant was not present.  He finally appeared for his own trial an hour late, but after the continuance in this case.

The Commonwealth moved for a continuance to secure attendance by the out-of-state witness.  The trial court continued the case to September 18, 2000.  It reasoned, "She was here at the preliminary hearing . . . and indicated she would be here [for trial] . . . I think that puts it in a different light.  I think they are entitled to rely on [her representations].  I am going to grant the continuance."  The defendant maintains the trial court erred because the Commonwealth failed to take sufficient steps to secure attendance by its witnesses.

"Whether to grant or deny a continuance of a trial is a matter that lies within the sound discretion of a trial court, and its ruling will not be reversed on appeal unless it is plainly wrong."  Cardwell v. Commonwealth, 248 Va. 501, 508, 450

S.E.2d 146, 151 (1994) (citations omitted).  In considering a continuance request, "'the court is to consider all the circumstances of the case.'"  Gray v. Commonwealth, 16 Va. App. 513, 517, 431 S.E.2d 86, 89 (1993) (quoting Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986)).  The court's decision will be reversed only when the record affirmatively shows an "[a]buse of discretion and prejudice to the complaining party."  Venable, 2 Va. App. at 181, 342 S.E.2d at 648. "[W]here the witness is beyond the reach of process there must be a reasonable assurance that he can be produced at the next term."  Moore v. Commonwealth, 186 Va. 453, 461, 42 S.E.2d 871, 874 (1947) (citations omitted).

Both parties are entitled to rely on the subpoena power of the trial court to secure testimony needed at trial.  Code §§ 8.01-407 and 19.2-267.  A trial court ought to grant a continuance if a party summoned a material witness who is not merely cumulative and whose attendance can be secured in the future.  Only if the trial court is convinced that the object of the motion is to delay trial and not to prepare, is the continuance not merited.  Vineyard v. Commonwealth, 143 Va. 546, 550, 129 S.E. 233, 234 (1925).

In this case, the witness testified willingly at the preliminary hearing.  The Commonwealth's Attorney told her that her testimony was needed at trial, and she indicated that she would appear.  The Commonwealth mailed the witness a subpoena to

-

her address in North Carolina.  The Commonwealth believed she would appear in the future.  The Commonwealth acted with due diligence, and its efforts were reasonable, appropriate, and timely.  When they proved ineffective, the trial court did not abuse its discretion by continuing the case.  Accordingly, we affirm the conviction.

<u>Affirmed.</u>