Ruffin, C. J.
 

 Upon the point, as to the proof of the hand writing, the case seems to be one of that class, in which the proof has been allowed to come from a witness, whose knowledge of the writing was derived from papers purporting to be made by the party, which were established in the mind of the witness to be genuine, by the fact, they were so treated by the party from time to time by paying them.
 
 Pope
 
 v.
 
 Askew,
 
 1 Ire. 16, and
 
 State
 
 v.
 
 Harris,
 
 5 Ire. 387. It is of no consequence, that the wit • ness had no such knowledge of the writing of the partner, Messmore, derived in any manner, as would enable him to say with precision, that he believed that Messmore personally put the name of the firm to the bill; for, whether that person, or any other duly authorised, signed the bill, the firm was in law the drawer, and the witness states his belief, that, as far as could be judged from the hand-writing, this bill was signed by the same person, who habitually made notes on the house of George Price & Co., which that firm habitually took up from the witness. The substance of the testimony is, that whoever generally gave securities in the name of George Price & Co. — whether one of the partners or a Clerk — must have
 
 *388
 
 drawn the bill in question. That we think was sufficient to let the bill go to the jury, whose province it was to determine, how much credit ought to be allowed to the judgment and integrity of the witness.
 

 By the law merchant, a notarial protest is, in itself, evidence.
 
 Chitty on Bills
 
 405. The doctrine rests upon usage and the universal convenience of the commercial world. With us, however, it is established by statute, which extends to all kinds of bills, and makes the protest
 
 prima facie
 
 evidence, against the drawers, of a demand on the drawee and notice to the drawer.
 
 Rev. Stat. ch.
 
 13,
 
 sec.
 
 10.
 

 The Court concurs also in the instructions to the jury. The note or bill of a third person taken by a creditor, may under circumstances, be a satisfaction absolutely ; that is, when so intended. If it be passed at the time of making a purchase or otherwise contracting a debt, there seems to be a natural presumption of an intention, that it should be in discharge of the debt; and that appears to be the general effect of the adjudged cases. But, at the same time, the current of the authorities, in the case of a pre-existing debt, is the other way ; establishing that the discharge of such a debt is not presumed from the creditor’s accepting a note or bill on another merely, but there must be an agreement to that effect, either express or to be inferred plainly from the circumstances and conduct of the parties. It is not necessary to refer to particular adjudications, as they are numerous, and the doctrine established. Most of the cases are collected in the note of the American decisions appended to
 
 Cumber
 
 v.
 
 Wane,
 
 in the American edition of 1 Smith’s leading cases, 146. There is nothing here to authorise an inference of an unconditional agreement for the extinguishment of the prior debt by the second bill. The contrary presumption is strong, from the circumstance, that, when the plaintiff took the second, he still kept the first bill ; as it shows he
 
 *389
 
 did not mean to give up any name until he should
 
 get
 
 actual satisfaction. It was, indeed, incumbent on the plaintiff to show on the trial of this suit, that he used proper diligence on the second bill and could not obtain payment. But that he did. It was, however, argued that the rule applies only when the creditor receives a second bill or note from some one, who was liable for the original debt, which was said not to be the case here, as McAdam, from whom the plaintiff received the bills, was not a party to either. That person is not stated not to be one of those bearing that name, who composed the firms in Norfolk and New York ; and from the transaction one would take it, that he was of those firms and in that way connected with the bills, and probably also as agent for George Price & Co., for whose accommodation it would seem the bill might have been drawn, and discounted, as it was made payable to the plaintiff, not upon any previous transaction, but to be discounted simply. But, if McAdam was really a mere stranger and only the agent of George Price & Co. to procure the discount, the case is stronger against the defendant: for then the drawers cannot avail themselves of his act, being that of a stranger, as a satisfaction of their debt.
 
 Clow
 
 v.
 
 Borst & Best,
 
 6 John. Rep. 37.
 

 The counsel for the defendant further insists, that the protest was premature, inasmuch as the bill was entitled to grace and yet it does not appear that it had been presented before the 16th of November — the day of the protest for non-payment. But this point is not taken in the - exception,‘"añdTherefore cannot be taken here. It cannot be told, that the plaintiff did not show by other evidence a previous presentment of the bill; or that in New York sight bills are not entitled to days of grace, as, according to our impression, such is the rule here.
 

 Per Curiam.
 

 Judgment affirmed.