BUGGY CO. v. DUKES.

(Filed February 27, 1906).

*Negotiable Notes—Open Accounts—Suspension of Right of Action—Consignment Contract—Conversion—Charge.*

1. The acceptance of a negotiable security for an open account sus-pends the right of action until the maturity of the note and then if the plaintiff will resort to his original cause of action, he must surrender the security. The acceptance of the promissory note, unless expressly so agreed upon, will not discharge the original cause of action.

2. In an action for the unlawful conversion of the proceeds of certain buggies alleged to have been received under a contract of con-signment, where the complaint sets out the entire transaction and defendant makes no point of the fact that his promissory notes given for the price of the buggies, are not tendered at the trial, but simply denies that he received the buggies upon the contract, and the jury have found the issue against him, his conten-tion that plaintiff cannot retain his notes and at the same time prosecute an action against him for the amount received by him as agent, is without merit.

3. Where His Honor, after the jury retired, learned that he had been
   misled as to the form of the defendant's allegel contract, his con-
   duct in calling them back and removing any impression made on
   their mind by reason of such misapprehension was not prejudicial
   to the defendant.

Action by Corbett Buggy Co. against H. T. Dukes, heard
by *Judge R. B. Peebles* and a jury, at the October Term,
1905, of the Superior Court of Hertford.

On September 28, 1901, defendant entered into a contract
with plaintiff corporation, in writing, the terms of which
were "It is agreed that all goods shipped on this contract and
also all other goods hereafter shipped to the maker of this
contract are consigned and the said goods and proceeds of
sales of goods received under this contract, whether in cash,
notes, book accounts or other proceeds, are to be held in
trust and subject to the order of the Corbett Buggy Company.
No agreement, verbal or otherwise, is binding on the Corbett
Buggy Company, unless embodied in this contract." At the
time of the execution of the contract, three buggies were de-
livered to defendant which were paid for. Afterwards plain-
tiff alleges other buggies were delivered to him upon and pur-
suant to the terms of the contract, for the price of which he
executed his notes. Plaintiff alleged that defendant had dis-
posed of the buggies so delivered, and received therefor the
sum of $521.97, which he had converted to his own use. De-
fendant admitted the delivery of the buggies, but denied that
they were delivered or received under or upon the terms of
the contract. That after the first three buggies were shipped,
a new verbal contract was made and that thereafter all bug-
gies were delivered pursuant to such new contract, unaccom-
panied by any trust or fiduciary relation, etc. That the notes
were executed for the purchase price of said buggies. He
tendered to plaintiff judgment for the amount due on the
notes. The jury, upon an isssue submitted, upon the contro-
verted allegation, found that defendant received the buggies,

for the price of which the notes were given, on consignment under the terms of the contract to account to plaintiff for the proceeds of the buggies. His Honor rendered judgment for amount found to be due, and directed execution against the person of defendant, etc. Defendant excepted and appealed.

*J. R. Mitchell* and *F. D. Winston* for the plaintiff.
*Winborne & Lawrence* for the defendant.

CONNOR, J., after stating the facts: Two exceptions to His Honor's ruling were argued in this court. Defendant contends that conceding the fact to be as found by the jury, the acceptance by plaintiff, of the promissory notes for the price of the buggies, merged the original cause of action or, at least, suspended it until the notes are returned or tendered at the trial; that plaintiff cannot retain his promissory, negotiable notes and, at the same time, prosecute an action against him for the recovery of the amount received by him as his agent. This exception was raised by a request to charge the jury. The issue did not involve the controverted proposition; it was directed simply to the question of fact respecting the capacity in which, or the contract under which, the buggies were delivered and received. The question is, however, presented upon the admitted facts considered in connection with the verdict. It is true, as contended by defendant, that the acceptance of a negotiable security for an open account, suspends the right of action until the maturity of the note and then if the plaintiff will resort to his original cause of action, he must surrender the security. The acceptance of the promissory note, unless expressly so agreed upon, will not discharge the original cause of action. The law is well stated in Clark on Contracts, 435, (2nd Ed.) "In such a case the position of the parties is that the payee, having certain rights against the other party, under a contract, has agreed to take the instrument from him instead of immediate payment of what is due him, or immediate enforcement of

his right of action, and the other party, in giving the instrument, has thus far satisfied the payee's claim, but, if the instrument is not paid at maturity, the consideration of the payer's promise fails and his original rights are restored to him. The effect of receiving a negotiable instrument conditionally, is merely to suspend the right to sue on the original contract until the instrument matures, and when it matures, and is not paid, to give the right to sue either on it or on the original contract." Norton, Bills and Notes (3rd Ed.), 20; *Gordon v. Price,* 32 N. C., 385. The complaint sets out the entire transaction and defendant makes no point of the fact that his promissory notes are not tendered. He simply denies that he received the buggies upon the contract—the jury have found the issue against him. In summing up the arguments of counsel for plaintiff, the court told the jury that plaintiff insisted that defendant's statement—that he had another and different contract from the one introduced by plaintiff—was unreasonable, for the reason that he had come to trial without such contract, and without serving notice on plaintiff to produce it, etc. After the jury retired, plaintiff's counsel called the attention of the court to the fact that in his answer defendant had said that the new contract was in parol. The court caused the jury to be brought back and told them that he withdrew so much of the charge as related to the failure of defendant to produce the written contract or to serve notice on plaintiff to produce it, and that the same should have no influence whatever on their verdict. No exception was taken to this at the time, or until the case on appeal was made out. Waiving the objection that no exception was made at the time, we are unable to perceive how the defendant could have been prejudiced by His Honor's action. He had been misled as to the form of defendant's alleged contract and simply removed an impression made on the mind of the jury by reason of such misapprehension. There is no merit in the exception. The judgment must be

    Affirmed.