SOUTHERN ENGINEERING COMPANY v. T. F. BOYD.

(Filed 27 January, 1926.)

**Judgments—Consent Judgments—Estoppel—Principal and Surety—Contracts—Material Furnishers.**

Where the surety on a bond of a contractor for the erection of a building has taken for his protection a note payable to the contractor in a certain sum, and thereafter has transferred the note to a material furnisher for whose account he was liable as such surety, and thereafter in an action to which he was a party has agreed to the entry of a consent judgment allowing him a credit in a smaller amount: *Held,* a consent judgment being the agreement of the parties entered into with the sanction of the court, he is estopped from claiming as a defendant as surety in an action upon the contractor's bond, that he was entitled to a credit in a larger sum in accordance with the amount paid on the note he had taken and assigned to the materialman, the plaintiff in the instant case.

APPEAL by plaintiff from *Lane, J.,* at May Term, 1925, of MECKLEN-BURG.

Civil action to recover of the defendant, T. F. Boyd, as bondsman for the Liberty Engineering and Construction Company, the sum of $5,-594.75 with interest from 25 October, 1920, the amount admittedly due the plaintiff by the Liberty Engineering and Construction Company on said date.

Plaintiff furnished the Liberty Engineering and Construction Company certain materials to be used by it in the erection of a high school building at Wilmington, N. C. The defendant, T. F. Boyd, was bondsman for the construction company.

On 25 October, 1920, the plaintiff being anxious to collect its debt, learned of a $5,000 note due 20 April, 1921, owned by the construction company, executed by the trustees of the Maysville, N. C., graded school for work done on a building there, and which had been turned over to the defendant Boyd in order that he might discount it at the Bank of Hamlet. With the consent of the officers of the construction company, which is now insolvent and out of business, the defendant Boyd turned this note over to the plaintiff as partial security for its debt, and as it was only worth $4,875 at that time, it being a noninterest-bearing note, the following receipt was executed and delivered to the defendant:

"Charlotte, N. C., 10-25-20.

"Received of Mr. T. F. Boyd, one note for $5,000, payable 20 March, 1921. This note is made payable to the Liberty Engineering and Construction Company and is made by the school board of the town of Maysville, N. C. This note is to apply on our account for steel and iron furnished for the New Hanover High School building being erected at Wilmington, N. C., by the Liberty Engineering and Construction Company. This note to be discounted at 6 per cent, leaving a net credit of $4,875.          Very truly yours,

(Signed) L. G. BERRY, *President,*
*Southern Engineering Company.*

"Any interest which this note may bear from now until 20 March, 1921, is to be paid to the Liberty Engineering Company."

Prior to the institution of the present suit, the makers and endorsers of the note mentioned in this receipt, brought an action in the Superior Court of Jones County against the plaintiff herein and all others interested in the collection of said note, including the defendant, T. F. Boyd, to restrain the collection of same and to declare said note void. A consent judgment was finally entered in the action pending in the Superior Court of Jones County in which it was adjudged that the sum of $3,250 collected on said note by the plaintiff herein should inure to

the benefit of the defendant, T. F. Boyd. This judgment was entered at the instance and with the approval and consent of the defendant Boyd.

The present suit, therefore, is to collect the difference between $3,250 the amount received on said note, and $5,594.75, the amount admittedly due the plaintiff by the Liberty Engineering and Construction Company on 25 October, 1920, and for which the defendant Boyd is liable by reason of his suretyship.

The defendant Boyd contends that by reason of the receipt above set out he is only liable to the plaintiff for the difference between $4,875 and the amount admittedly due the plaintiff by the Liberty Engineering and Construction Company.

Judgment was entered below in accordance with the defendant's contention, and from this ruling the plaintiff appeals.

*Preston & Ross for plaintiff.*
*McNinch, Whitlock & Dockery for defendant.*

STACY, C. J., after stating the case: The appeal presents but a single question, and it is this: What amount is the defendant, T. F. Boyd, entitled to credit as against the plaintiff on account of the note executed by the school board of the town of Maysville and turned over to the plaintiff as partial security for its debt on 25 October, 1920?

The defendant contends that by reason of the receipt given at the time, he is entitled to a credit of $4,875 for said note. For this position, he relies upon the following authorities: *Grubb v. Lohay,* 145 N. W. (Wis.), 207; *Symington v. McLin,* 18 N. C., 298; *Gordon v. Price,* 32 N. C., 385; *Terry v. Robbins,* 128 N. C., 140; *Ralston v. Aultman Miller & Co.,* 66 S. W. (Tex.), 746.

The plaintiff unquestionably had the right to take this note and discharge the defendant from any or all liability as bondsman, but we do not think the receipt, above set out, should be so construed, or that such interpretation would be in keeping with the intention of the parties. It is conceded that under the consent judgment, entered in the suit pending in the Superior Court of Jones County, and to which T. F. Boyd was a party, the plaintiff received only $3,250 on said note.

The defendant Boyd having been a party to the suit instituted in Jones County after the execution of the above receipt and in which the validity of this very note was at issue, and having procured and consented to a judgment decreeing that the sum of $3,250 paid thereon should inure to his benefit as bondsman or surety for the Liberty Engineering and Construction Company, we think it is but proper to hold that he is bound by the terms of said consent judgment, and that he may

10—191

not again litigate the same matter in the present suit.  A consent judgment is in truth a decree of the parties, entered of record with the sanction of the court.  It is their act, their contract, their decree, and binding upon them as such.  *Distributing Co. v. Carraway,* 189 N. C., p. 423, and cases there cited.  On the instant record, therefore, the plaintiff is entitled to recover with interest the difference between $3,250, the amount received on said note, and $5,594.75, the amount admittedly due the plaintiff by the Liberty Engineering and Construction Company on 25 October, 1920, and for which the defendant Boyd is liable by reason of his suretyship.

The cause will be remanded, to the end that judgment may be entered in conformity with this opinion.

Error and remanded.