FARM SUPPLY COMPANY, A CORPORATION, v. E. D. DAVIS AND WIFE, MAGGIE DAVIS.

(Filed 8 January, 1932.)

**1. Election of Remedies A d—Where note is given in payment of open account ·creditor must elect between action on note and action on debt.**

Where in an action against a husband and wife the plaintiff elects to sue on a note given by the husband for the wife's debt due on open account with the plaintiff, the plaintiff is estopped by its election to maintain the action against the wife on the open account, it not being in a position upon judgment on the note to put the parties in *statu quo*, and its evidence that in taking the husband's note it did not intend to release the wife from her obligation is properly excluded, and a judgment as of nonsuit in favor of the wife is properly allowed.

**2. Payment C a—Note given for open account is conditional payment and where it 'is not paid creditor may sue on either note or account.**

The effect of taking a promissory note from the husband for the separate obligation of the wife due on open account is to postpone the maturity of the wife's debt to the due date of the note, but if the note is not paid at maturity the rights of the creditor on the open account are revived and he may sue either on the note or the account.

APPEAL by plaintiff from *Sink, J.*, and a jury, at July Term, 1931, of McDOWELL. No error.

This is an action brought by plaintiff against the defendants. There was evidence on the part of plaintiff to the effect that the defendants are husband and wife. That Maggie Davis ran a dairy near Marion, N. C., and owed the plaintiff $551.69, and E. D. Davis owed plaintiff $42.85. C. M. Pool, secretary, treasurer and manager of the plaintiff corporation, testified: "I took E. D. Davis' note for $551.69, that is all we are suing on in this case. At that time Maggie Davis was indebted to Farm Supply Company in the sum of $551.69. . . . I am suing on the note."

The court below charged the jury: "If you believe the evidence you will answer the first issue, 'What amount, if any, is the plaintiff entitled

to recover of the defendants?" $551.69 as to the defendant, Mr. Davis; nothing as to Mrs. Davis." Judgment was rendered on the verdict. Plaintiff excepted, assigned error and appealed to the Supreme Court.

*W. R. Chambers for plaintiff.*
*C. C. Lisenbee for defendants.*

CLARKSON, J. At the close of plaintiff's evidence the defendants made motions for judgment as in case of nonsuit. Motion overruled as to the defendant E. D. Davis and allowed as to Maggie Davis. The plaintiff contends that the court below was in error in excluding the following: "Q. Mr. Pool, when you had this note executed and accepted it, did you mean to release Maggie Davis of any indebtedness she owed you? (If witness had been allowed to answer, he would have answered: 'No, sir, I didn't.')" We cannot so hold on this record.

On the other hand, the defendant Maggie Davis contends that the entire evidence on the record discloses that plaintiff elected to sue on the note given by E. D. Davis for his wife's (her) indebtedness to plaintiff, and relies on the following in *Buggy Co. v. Dukes,* 140 N. C., at p. 395-6: "It is true, as contended by defendant, that the acceptance of a negotiable security for an open account, suspends the right of action until the maturity of the note and then if the plaintiff will resort to his original cause of action, he must surrender the security. The acceptance of the promissory note, unless expressly so agreed upon, will not discharge the original cause of action. The law is well stated in Clark on Contracts, 435 (2d ed.): 'In such a case the position of the parties is that the payee, having certain rights against the other party, under a contract, has agreed to take the instrument from him instead of immediate payment of what is due him, or immediate enforcement of his right of action, and the other party, in giving the instrument, has thus far satisfied the payee's claim, but, if the instrument is not paid at maturity, the consideration of the payer's promise fails and his original rights are restored to him. The effect of receiving a negotiable instrument conditionally, is merely to suspend the right to sue on the original contract until the instrument matures, and when it matures, and is not paid, to give the right to sue either on it or on the original contract.' Norton, Bills and Notes (3d ed.), 20; *Gordon v. Price,* 32 N. C., 385."

She further contends that the election made by plaintiff to sue on the note, made by her husband, E. D. Davis, indicated an express agreement and tantamount to the discharge of the original cause of action against her, and plaintiff now has a judgment against her husband for the in-

debtedness. The plaintiff, although he brought an action against E. D. Davis and wife, Maggie Davis, having elected to sue on the note and take judgment against E. D. Davis the husband, is, on the record and under the pleadings, in no position to put the parties in *statu quo*. He therefore is estopped to maintain this action against the wife, Maggie Davis.

No error.