C. M. WARREN v. W. B. McLAWHORN et al.

(Filed 1 November, 1933.)

**Justices of the Peace C a: Election of Remedies A d—Creditor may elect to sue on original debt and return security given therefor.**

A father executed a note to a merchant as security for advances agreed to be made by the merchant to the maker's three sons for their respective farms. The merchant brought three separate suits in a justice's court against each son and the father and tendered the note executed by the father. On defendants' appeal to the Superior Court, the actions were tried *de novo.* In both courts defendants demurred to the jurisdiction, claiming that one suit should have been instituted on the note which was in an amount in excess of the justice's jurisdiction, and that the Superior Court's jurisdiction was derivative. *Held,* the demurrers were properly overruled, plaintiff having the right at his election to return the note given as security and sue on each individual account.

APPEAL by defendants from *Frizzelle, J.,* at February Term, 1933, of PITT.

Civil actions, three in number, to recover for merchandise sold and delivered, consolidated in the Superior Court by consent and tried together.

The plaintiff, a merchant, agreed with W. B. McLawhorn in January, 1931, to furnish his three sons, Allen, Jimmie and E. B. McLawhorn, with supplies to run their respective farms during the year. As security for said advances the plaintiff took from W. B. McLawhorn his promissory note in the principal sum of $600.

The supplies furnished Allen McLawhorn, and for which suit is brought against him and his father, amount to $118.95; those furnished Jimmie McLawhorn, and for which suit is brought against him and his father, amount to $151.88; those furnished E. B. McLawhorn, and for which suit is brought against him and his father, amount to $198.88. Three separate suits were instituted before a justice of the peace and tried *de novo* on appeal to the Superior Court.

The defendants demurred, both in the justice's court and in the Superior Court, on the ground that a single suit should have been brought in the Superior Court on the collateral note of $600, and that the justice of the peace was without original jurisdiction to entertain the suits; likewise, the Superior Court, exercising only derivative jurisdiction, was without authority to hear the cases. The note signed by W. B. McLawhorn, but not by his sons, was tendered the maker upon the trial of the causes.

From a verdict against the several defendants in the respective sums claimed by plaintiff, the defendants appeal, assigning errors.

*Albion Dunn for plaintiff.*
*Harding & Lee for defendant, W. B. McLawhorn.*

STACY, C. J. The demurrers were properly overruled on authority of *Buggy Co. v. Dukes,* 140 N. C., 393, 52 S. E., 931, and *Supply Co. v. Davis,* 202 N. C., 56, 161 S. E., 734.

Plaintiff had his election to sue on the note, taken as security for the open accounts, or to return the collateral, when not paid at maturity, and sue on the original causes of action. Indeed, the exact liability of W. B. McLawhorn to plaintiff was not known at the time of the execution of the note, and plaintiff would not be able to recover from him more than the value of the merchandise sold and delivered, whether suit were brought on the note or resort had to actions on the open accounts.

The fear expressed by the defendant as to what his liability might have been had his note been negotiated to an innocent holder for value and before maturity is not before us for adjudication. The verdict and judgment will be upheld.

No error.