Wood, J.
The act incorporating the town of Marietta, 35 Ohio L. L. 249, is by express provision made a public act, and the court are bound ex officio to notice its provisions, and as such it becomes, so far as it is relevant, a part of the special plea, without being set out by the plaintiff in error.
Section 5 of the act contains the general grant of ¿lowers, to wit, to license such coffee, ale, porter, and other public houses oft entertainment as may be necessary for the accommodation of travelers, and -to suspend such licenses on well-founded complaints. The town council are then authorized to punish by fine, not exceeding ten dollars for each offense, any person who may retail spirituous liquors without license, and within the limits of the corporation.
The plaintiff claims this power to punish the unlicensed vendor of ardent spirits is exclusively vested in the corporation, and that the plaintiff is, therefore, exempted from the operation of the general laws of the state. If this be true, the plaintiff in error, and all in like condition, for anything that a¿ipears in this case, are 454] entirely beyond restraint or control; *for while the grant of ¿lower to punish by the town council is ample, it will hardly be contended that it can be enforced, until the mode in which this power is to be executed is provided for by some ordinance of the corporation, and nothing appears upon this record to show that any such ordinance exists. It could never have been the intention of the legislature to confer this power exclusively u¿ion the *455 corporation, and jilace the vendors of ardent spirits beyond the reach of all law, until provision was made for the exercise of this power so conferred.
Besides, there is no clause in this act of incorporation providing for the repeal of the general law of the state, nor any provision thereof, as contained in the act entitled “an act granting licenses and regulating taverns,” unless it is by implication, and such repeals are not to be favored. The general law provides that if any person shall retail, etc., without being licensed, etc., he shall forfeit any sum not exceeding $100 nor less than five dollars, to be recovered by indictment, etc. Under the general law the measure of punishment may be greater, and the mode of effecting it different; but still we apprehend that distinct tribunals may have concurrent jurisdiction, in the absence of any expression clearly indicative of the intention to confer it exclusively upon the corporation.
It is said by counsel, if this concurrent jurisdiction is sustained, a man may be twice tried for the same offense, and twice subjected to conviction and punishment. This does not seem to us to follow; but it is clear that a fine assessed by either jurisdiction, the court of common pleas, or by the authority of the corporation, would be a bar to another prosecution for the same offense in another jurisdiction.
Judgment affirmed.