## COMMERCIAL BANK OF DANVILLE v. W. H. S. BURGWYN.

*Practice—Evidence—Exceptions to Depositions— Waiver.— Variance Immaterial.*

1. Exceptions made, on a trial, to depositions which had been offered on two former trials without objection, and to which depositions no objection was made either at the time of taking or opening them, were properly overruled.
2. A variance between the allegation and proof, which is immaterial and does not mislead the defendant, will be disregarded.

3. Where in an action on notes, by the purchaser from the payee, the plaintiff admitted the allegation of defendant's answer that the notes were obtained by the fraudulent representations of the payees, the burden was thrown upon plaintiff to show that he was a *bona fide* purchaser for value and without notice of the fraudulent representations of payee, but having offered testimony to that effect the burden was again shifted and the *prima facie* case of plaintiff restored. Where, in such case, the defendant offered no sufficient testimony to establish knowledge on the part of the plaintiff, at the time of the purchase of the note, of the alleged fraud of the payee, it was proper for the trial Judge to instruct the jury, if they believed plaintiff's testimony, to find their verdict accordingly.

CIVIL ACTION, tried before *Shuford, J.,* and a jury, at September Term, 1893, of VANCE Superior Court. There was judgment for the plaintiff, and defendant appealed. The facts appear in the report of a former appeal (110 N. C., 267) and in the opinion of Associate Justice MONTGOMERY.

*Messrs. J. B. Batchelor* and *A. W. Graham,* for plaintiff.

*Messrs. Pittman & Shaw, R. B. Peebles* and *John W. Hinsdale,* for defendant (appellant).

MONTGOMERY, J.: After hearing thorough argument and making a painstaking examination of the pleadings and the testimony, we are unable to discover any material difference in any aspect, between the case presented at this Term of the Court and the one heard and determined at February Term, 1892, and reported in 110 N. C., 267. The opinion delivered in that case, for the Court, by Justice SHEPHERD, renders it unnecessary for us to go over the ground again. It is true, however, that when the case was last tried at Vance Superior Court objection was made

(for the first time) by the defendant to each and every ques-
tion in the depositions in the case which went to connect
the Southern Electric Light Company with the notes,
either as endorser or endorsee. But these depositions had
been offered in evidence by the plaintiff on two former
trials of this action and no objection was made on said first
two trials, and no objection was made and noted at the
time said depositions were taken, nor at the time they were
opened by the clerk. The Court properly overruled the
exceptions. *Carroll* v. *Hodges*, 98 N. C., 418. Also, at
the last trial there was suggestion of a variance between
the complaint and the evidence. In the two former trials
this suggestion was not made, and upon inspection the vari-
ance in its nature is immaterial and did not mislead the
defendant. Clark's Code, Sec. 269, and cases thereunder
cited. Upon a close inspection of the additional testimony
for the defendant, introduced on the last trial of the case,
we do not find anything that adds in value to the testi-
mony offered in the former trials. The court below
charged the jury in these words: "That the defendant
having pleaded that the notes sued on were obtained by
the fraudulent representations of the payees, and the plain-
tiff having admitted that allegation, and consented for the
second issue to be answered in the affirmative, the burden
was on the plaintiff to show that it was a *bona fide* pur-
chaser for value and without notice of such fraudulent rep-
resentations. That the plaintiff had offered testimony
tending to show that it had acquired the notes *bona fide*
for value, in the usual course of business and while they
were still current, and if the jury believed this evidence
the *prima facie* case of the plaintiff was restored, the bur-
den of proof was then upon the defendants to establish
knowledge on the part of the plaintiff, at the time of its
purchase, of the alleged fraudulent representation, and that

the defendants had offered no sufficient evidence for that purpose, and hence if the jury believed the testimony offered by the plaintiff they should answer the first and third issue in the affirmative.".

We think that the Court took a correct view of the character and weight of the testimony, properly instructed the jury thereupon and applied the law thereto.   There is no error and the judgment of the Court below is affirmed.

Affirmed.