Argued 28 March, decided 29 May, rehearing denied 26 June, 1906.

**KABAT v. MOORE.**

85 Pac. 506.

PLEADING—PROPRIETY OF MOTION TO MAKE MORE CERTAIN.

1. Motions to make more definite and certain are intended to require additional information as to material matters only, and should not be allowed as to other allegations that may have been included in the pleading.

PLEADING—DENIAL OF "MATERIAL" ALLEGATIONS.

2. Under a statute authorizing general denials, such as Section 77, B. & C. Comp., as amended by Laws 1903, p. 205, it is doubtful whether a denial of the "material" allegations of a pleading is sufficient.

PLEADING—WHEN REPLY IS NOT NECESSARY.

3. Where the new matter of an answer amounts to merely a denial of the material allegations of the complaint, no reply is necessary.

EVIDENCE CONSIDERED.

4. On the question of whether the plaintiff relied on the representations of the defendant and was thereby deceived, the evidence was ample to carry the case to the jury over a motion for a nonsuit.

LETTER BY ATTORNEY AS AN ADMISSION AGAINST INTEREST.

5. A letter written by an attorney to the adverse party concerning his client's interests in dispute cannot be considered as more than an admission against interest, the value of which is a question for the jury.

PRESUMPTION AS TO KNOWLEDGE OF BUSINESS BY A PERSON WHO EN-
GAGES THEREIN.

6. Generally, a person who engages in a business is presumed to be reasonably familiar with the manner of conducting it, as, a timber locator is supposed to know the corners and lines of tracts that he undertakes to exhibit to prospective purchasers, and the jury may properly be so instructed.

FRAUD—CONCLUSIVENESS OF ORAL TESTIMONY.

7. Fraud is a matter of deduction from all the testimony, and in its determination the jury is not bound by the number of witnesses on either side or the positiveness of their statements.

From Douglas: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action by Leonard Kabat against Maurice Moore for deceit. The complaint alleges that at all the times therein mentioned defendant was engaged in the business of locating settlers upon vacant government land for a consideration; that on May 18, 1902, he represented to the plaintiff that he knew of a suitable tract of vacant land subject to entry under the homestead laws of the United States, and plaintiff employed him to point it out and run the lines and boundaries thereof, and agreed if the land was as represented by the defendant that he would enter the same and pay defendant $85 for his services; that under and in pursuance of such agreement defendant took him to a certain tract of land which he represented to be the N. E. ¼ of section 34, township 30 S., of range 8 W. of the W. M., and unoccupied public land, subject to entry under the homestead laws, and then and there showed plaintiff a certain tree with markings thereon, which he represented to be a witness tree to the northeast corner of such quarter section, and by the assistance of other persons pretended to run out and locate the lines of such land; that the land thus shown to the plaintiff was a valuable tract, contained several acres of level land, and was suitable for a homestead; that plaintiff was wholly without knowledge of the public surveys or the location of the land or the manner of tracing and locating the lines thereof, but relied

upon the representations of the defendant concerning the same, and, so relying, entered the N. E. $\frac{1}{4}$ of section 34 as a homestead, paying $22 as fees therefor; that he afterwards built a house and made other valuable improvements upon the land shown him by the defendant and spent considerable time and money in going to and returning from such land, amounting in the aggregate to $400, with the intention of improving the same · with a view to obtaining title thereto from the United States; that after plaintiff had built his house, made his improvements, and spent the time and money as aforesaid, he was advised that such improvements were not on the land entered by him, and he thereupon employed the county surveyor of Douglas County, at an expense of $17.50, to survey out such land, and it was thereupon ascertained that his improvements were upon the northwest quarter of section 35, and not the northeast quarter of section 34 as represented; that at the time the defendant showed him the land and pointed out the boundaries he well knew that it was not the land of the United States, but belonged to the Oregon & California Railroad Co., and that such representations and statements were made for the purpose and with the intention of wronging, cheating and defrauding the plaintiff out of the location fee; that the land upon which the plaintiff was induced to locate by the false and fradulent representations of the defendant is a steep mountainside, not suitable for agricultural purposes, and plaintiff could not reside upon or cultivate the same so as to secure title thereto; that by reason of the false and fraudulent representations of the defendant, plaintiff had lost the money paid as the location fee, the amount paid the land office, the value of his improvements, and the money and time expended in going to and from the land, aggregating $524.50.

Defendant moved to strike out certain portions of the complaint as sham, frivolous and irrelevant, and to make it more definite and certain by setting out the names of the persons who assisted the defendant in running the lines of the land shown by him to the plaintiff. The motion to strike out was sustained, and that to make more definite and certain overruled.

The defendant then answered, denying all the allegations of

(48th Or.—13)

the complaint, except as thereinafter alleged. For an affirmative defense he averred that about the 1st day of May, 1902, he was employed by the plaintiff to show him 160 acres of vacant land which he could take under the stone and timber act, and another 160 acres which he could enter under the homestead laws, for which he was to pay the defendant $85 for each claim; that in pursuance of such employment the defendant did find and show plaintiff two tracts of land, one suitable for entry under the stone and timber act, and the other under the homestead laws; that each of such tracts was satisfactory to the plaintiff, but when they returned to the land office at Roseburg, that selected for a homestead was found to have been filed upon, and thereupon plaintiff solicited the defendant to show him another tract for a homestead; that defendant then said to plaintiff that he knew of only one vacant quarter section, and that if, after examination, it was satisfactory to him, he could have it upon the payment of $85; that thereafter, and in pursuance of such arrangement, defendant showed plaintiff the northeast quarter of section 34 and pointed out the corners and lines thereof; that plaintiff examined such land and the timber growing thereon until he became fully satisfied, accepted the same, and thereafter filed thereon under the homestead law.

The reply is a denial of "each and every material allegation" of the answer. The defendant moved to make the reply more definite and certain, which motion was overruled, and a trial had before the court and a jury. At the close of plaintiff's testimony the defendant moved for a nonsuit, on the ground that plaintiff had not proven a case sufficient to be submitted to the jury; and also for a verdict in his favor, for the reason that the affirmative matter alleged in the answer was not denied by the reply. These motions were both overruled, and a verdict and judgment rendered in favor of the plaintiff, from which defendant appeals, assigning as error the overruling of his motion to make the complaint more definite and certain, his motion for nonsuit and for a directed verdict, and the giving and refusal of certain instructions.                    AFFIRMED.

For appellant there was a brief over the names of *John*

*Thomas Long* and *Geo. M. Brown,* with an oral argument by *Mr. Long.*

For respondent there was a brief with oral arguments by *Mr. James Corwin Fullerton* and *Mr. Albert Newton Orcutt.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. There was no error in overruling the motion to make the complaint more definite and certain. The names of the parties, if any, who assisted the defendant in running out the lines of the property shown to the plaintiff, were immaterial to the cause of action, and it was not necessary that they should be stated in the complaint.

2. The motion to make the reply more definite and certain and for a directed verdict, because it did not raise an issue on the averments of new matter in the answer, was likewise properly overruled. The statute (Section 77, B. & C. Comp.), as amended in 1903, provides that when an answer contains new matter constituting a defense or counterclaim, the plaintiff may reply to such new matter, denying generally or specifically each allegation thereof controverted by him: Laws 1903, p. 205. It may be doubted whether, under this statute, a reply merely denying each and every "material" allegation of the answer is a good denial, for a plaintiff ought not to assume to himself to determine what facts are material and thus render a conviction for perjury for a false verification difficult or impossible: 1 Enc. Pl. & Pr. 782; *Montour* v. *Purdy,* 11 Minn. 384 (83 Am. Dec. 88) ; *Lewis* v. *Coulter,* 10 Ohio St. 452.

3. The question, however, is not important here, because the new matter pleaded in the answer merely negatives the averments of the complaint, and could have been shown under the denials. It does not admit the cause of action as alleged and seek to avoid its force and effect, nor set up a defense or a counterclaim thereto. All the facts alleged were embraced in the judicial inquiry as to the truth of the matter stated in the complaint, and went directly to disprove such facts. The substance of the affirmative matter is that defendant was employed by plaintiff to locate him on a homestead claim; that

in pursuance of such employment he showed plaintiff the north-
east quarter of section 34 and truthfully pointed out to him
the corners and lines thereof; that defendant made an exami-
nation of the premises, and, being satisfied therewith, entered
the same under the homestead laws, with full knowledge that
he was filing upon the land included within the description.
These averments constitute merely a denial of the fraud charged
in the complaint, and no reply was required: Bliss, Code Plead.
(3 ed.) § 330.

4. It is also contended that the court erred in overruling de-
fendant's motion for a nonsuit on the ground that plaintiff
had not proven a case sufficient to be submitted to the jury.
The argument is that the evidence does not show that plaintiff
relied upon the statements and representations of the defend-
ant as to the location of the land and the boundaries thereof, or
that he was deceived thereby. There is no positive and direct
evidence that plaintiff relied upon the statements and repre-
sentations of the defendant, but such is the only reasonable
inference that can be drawn from the testimony. Plaintiff
was a cigar manufacturer at Roseburg, and unfamiliar with
public lands. Desiring to enter 160 acres as a homestead, he
applied to defendant, who was in the business of locating set-
tlers upon government land, to ascertain and point out to him
a vacant tract subject to entry under the homestead laws, for
which service he agreed to pay the defendant $85. The de-
fendant, in pursuance of this employment, took him out in the
mountains some distance from Roseburg, showed him a tract
of land which he represented to be the northeast quarter of
section 34, from 15 to 18 acres of which was level and suitable
for agricultural purposes; that defendant pointed out to the
plaintiff what he represented to be the northeast corner of the
tract and then stated that he would run out the east line, but,
as the country was rough and the plaintiff was not very well,
advised him to go by another route to the supposed southeast
corner and there await his arrival; and that defendant pre-
tended to run the east line, and, after a time, came to where
the plaintiff was waiting for him, and said that the corner

must be near that point. He was unable to find it, but said to the plaintiff that "We'll make a corner," and then proceeded to mark a laurel tree at the point where he said the corner was to be and to run out what he claimed to be the south line of the tract. The plaintiff, without making any further examination or inquiry as to the true lines, and relying upon the defendant's statements in reference thereto, filed on the land, and thereafter proceeded to build a house and make other improvements thereon. He subsequently caused the land to be surveyed, and found that the true east line was 31 rods west of the line shown him by the defendant, and that his house and improvements were off the land filed on some 16 rods, and that none of the level land was on the claim. It is clear, from this testimony, if true—and for the purposes of this motion it must be so taken—that the plaintiff, in filing upon the claim and making his improvements, relied upon the statements of the defendant as to the location of the land and the boundaries thereof, and was thereby deceived and misled to his injury.

5. Considerable prominence is given in this connection to a statement in a letter written by one of plaintiff's counsel to the defendant long after the facts constituting this cause of action had arisen, and in an attempt to adjust the matter, to the effect that plaintiff had had his land surveyed and found that "his house and improvements are not upon the land shown him, but upon a railroad section." The intention of the writer of this letter is perfectly apparent, and his language can hardly be distorted into an admission that plaintiff did not, in fact, build his house or make his improvements upon the land shown him by the defendant, but upon other and different land. But, if it be so construed, counsel who wrote the letter had no authority to bind his client by any such a statement, and at most it could amount to nothing more than an admission against interest, and its value was for the jury.

6. It is also claimed that the court erred in instructing the jury that, as it was alleged in the complaint that defendant was engaged in locating settlers upon vacant government land for hire, he was supposed to know the corners and boundaries

of the land he solicited persons to locate upon and to understand his business "just as much as a physician should his profession if he takes pay therefor." The allegation of the complaint in reference to defendant's being engaged in the business of locating persons on vacant government land for hire was stricken out and therefore, technically, the court was in error in saying that the complaint so stated. The fact, however, appeared from the evidence. He assumed to locate the plaintiff upon a tract of vacant land for which he was to receive and was paid $85, and he must, therefore, be presumed to understand his business and be responsible for the manner in which he discharged his obligation. There was no reversible error in the instruction as given, as applied to the facts of this case, although some parts of it may be open to criticism as the statement of a general rule.

7. The defendant requested the court to instruct the jury:

"When one or more witnesses affirm the existence of fraud, and an equal number denies its existence and there is nothing to show that one is more creditable than the other, the fraud is not established, and if you find that state of facts from the evidence that has been adduced before you, plaintiff has failed to make out the better case, and your verdict should be for the defendant."

As an academic statement of the law this instruction may be correct under some circumstances, but it is not pertinent in this case. The existence of fraud here is not to be determined from the number of witnesses, but from the entire testimony and the surrounding circumstances. Where fraud is an issue, it is generally to be ascertained from all the testimony and such inferences as may be legitimately drawn from it: *Williamson* v. *North Pac. Lum. Co.,* 42 Or. 153 (70 Pac. 387, 532). It is seldom that it can be established by the direct and positive testimony of witnesses. It is a question for the jury, who are the judges of the credibility of the witnesses, the weight of their testimony, and the inferences to be drawn from the circumstances attending the particular transaction.

The judgment is affirmed.                    AFFIRMED.