# Richmond.

## HOLDSWORTH v. ANDERSON DRUG COMPANY.

### January 13, 1916.

### Absent, Cardwell, J.

1. BILLS AND NOTES—*Holder in Due Course—Presumption—Evidence—Prima Facie Case.*—Under the negotiable instruments law every holder of negotiable paper is deemed *prima facie* to be a holder in due course, and in an action on said paper, the production of the paper in evidence makes out a *prima facie* case for recovery, and the plaintiff is entitled to rest his case until rebuttal evidence is offered by the defendant.

2. PLEADING—*Affidavit to Plea—Code, Section 3279—When Applicable.*—The fact that the defendant swears to a plea denying that the plaintiff is the holder in due course of the negotiable note sued on does not throw upon the plaintiff the burden of showing that he is such holder. The defenses contemplated by section 3279 of the Code involve a denial of the making (the *factum*) of the writing, endorsement, assignment, acceptance or other writing by the person charged therewith, not of other facts in connection with rights of the holder to recover thereon.

3. VARIANCE—*How and When Availed of—Appeal and Error.*—In case of variance between the evidence and the allegations, the usual and correct practice is to object to the evidence when offered, or, if it is already in, to move to exclude it. Attention is thus called to the discrepancy and an opportunity is afforded the adverse party to meet the emergency in a proper case in one of the modes prescribed by law. The objection cannot be raised for the first time in the appellate court.

Error to a judgment of the Circuit Court of Prince Edward county in a proceeding by motion for a judgment for money. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*J. Taylor Thompson,* for the plaintiff in error.

*Henry W. Anderson,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Plaintiff in error, N. H. Holdsworth, filed a notice in writing of a motion for judgment against the defendant in error, W. E. Anderson, doing business as Anderson Drug Company, on a negotiable promissory note for $250, balance due thereon, which with interest brings it within the jurisdiction of this court. The note is made payable at Chicago, Ill., to the order of "Puritan Mfg. Co." The notice alleges that the note was subsequently indorsed by the payee, before maturity, and negotiated to plaintiff in error for value, and that he is the holder thereof for valuable consideration, without notice and in due course, "which note, as to the installments above mentioned, is now due and payable, but remains unpaid."

At the return day of the notice the defendant, describing himself as W. E. Anderson, doing business and trading as Anderson Drug Company, filed a plea in writing, accompanied by his affidavit, denying that the plaintiff was "the holder for value in due course and before maturity of the note," and also a plea of *nil debet,* and a jury was sworn to try the issue joined in these pleas.

The plaintiff, to maintain the issue on his part, offered in evidence the note and indorsement, but the circuit court, on motion of the defendant, excluded the note and indorsement from the jury, and no other evidence being offered there was a verdict for the defendant, upon which the court rendered the judgment under review.

At common law the plea of *nil debet* puts in issue every material allegation of the declaration, or other pleading, with respect to which it is interposed. Hence, in the present case, under that procedure, in order to recover, the burden would have devolved upon the plaintiff to prove that the defendant made the note sued on, that the payee indorsed and negotiated

it to the plaintiff, before maturity, for a valuable consideration, and that plaintiff was the holder in due course, without notice, and that it was still due and unpaid. *Clason* v. *Parish,* 93 Va. 24, 24 S. E. 471. See, also, note to that case by Judge Burks, 2 Va. L. R. 191; Burks' Pl. & Pr., p. 99, and citations in note. But this rule of the common law has been materially modified by statute. Thus the negotiable instruments law (Va. Code, sec. 2841-a, subsec. 59) provides that "Every holder is deemed *prima facie* to be a holder in due course, . . ." Subsection 52 defines a holder in due course to be a holder who has taken the instrument under the following conditions: "1. That it is complete and regular upon its face. 2. That he became the holder of it before it was overdue and without notice that it had been previously dishonored, if such was the fact. 3. That he took it in good faith and for value. 4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

It is clear that the evidence offered by the plaintiff (which the court excluded) was not only admissible, but, by force of the statute, made out a *prima facie* case for recovery, and entitled him to rest until rebuttal evidence was adduced on behalf of the defendant.

The case was tried on the theory that the special plea was a plea allowable under the Code, section 3279. As remarked, the plea averred "that the plaintiff was not the holder for value in due course and before maturity" of the note, and the defendant made affidavit to the plea. Section 3279 provides that, "When a bill, declaration, or other pleading alleges that any person made, indorsed, assigned or accepted any writing, no proof of the fact alleged shall be required, unless an affidavit be filed with the pleading putting it in issue, denying that such indorsement, assignment, acceptance, or other writing was made by the person charged therewith, or by one thereto authorized by him." The defenses contemplated by this section involve a

denial of the making (the *factum*) of the writing, indorsement, assignment, acceptance, or other writing by the person charged therewith.. In other words, a plea under this section is equivalent to a plea of *non est factum,* and the plea in question obviously is neither within its terms nor intendment. It would, indeed, be a step backward to hold that the mere filing of such a plea destroys the statutory presumption that attaches to the holder of negotiable paper.

Attention is called here, for the first time, to an error in the date of the note, as described in the notice, and also that the indorsement was a special indorsement to "Bank, 1st Nat'l Bk. At Farmville." Neither of these contentions is meritorious. If timely objection had been made to the error in date of the copy of the note, as correct practice requires, it would have been corrected.

"In case of variance between the evidence and the allegations, the usual and correct practice is to object to the evidence *when offered,* or if it is already in, to move to exclude it. Attention is thus called to the discrepancy and an opportunity afforded the adverse party to meet the emergency in a proper case in one of the modes prescribed by law. The objection cannot be raised for the first time in the appellate court." Burks Pl. & Pr., 585. But this variance was immaterial and could not have been prejudicial, since other parts of the record showed the correct date.

With respect to the other point, the original note, which was submitted to our inspection, showed that the words stamped on the back of it, "Bank, 1st Nat'l Bk. Farmville, Va.," was a mere reference memorandum to a correspondent bank, and was not intended to constitute the bank the indorsee of the paper.

It is regrettable that this case cannot be finally disposed of by an order here, but that is not permissible under the present statute. The judgment, therefore, must be reversed, and the case remanded for a new trial.

*Reversed.*