GULF STATES STEEL COMPANY v. E. S. FORD.

(Filed 21 March, 1917.)

**1. Corporations—Evidence of Incorporation.**

Testimony of a witness to the fact of incorporation of a party to the action is prima facie evidence of such fact, and sufficient.

**2. Evidence—Depositions—Objections—Trials—Incorporations.**

Where a witness in his depositions has testified to the fact of incorporation of a party, evidence thereof may not for the first time be objected to on the trial, when the depositions have theretofore remained in the clerk's office a sufficient time for the purpose.

**3. Bills and Notes—Negotiable Instruments—Presumptions—Statutes—Due Course—Equities.**

The admission by the maker of a promissory note that it had been indorsed to the plaintiff in due course raises the presumption prima facie that he is a holder in due course, acquired the instrument before maturity, without notice of any equity; that he is the owner and is entitled to sue thereon (Pell's Rev., secs. 2201, 2208); and the prima facie case is not rebutted by a denial in the pleadings.

APPEAL by defendant from *Bond, J.,* at November Term, 1916, of FRANKLIN.

*William W. Boddie for plaintiff.*
*Yarborough & Beam and Ben T. Holden for defendant.*

CLARK, C. J. The defendant executed his promissory note to the Hardware Company of Louisburg, N. C., who indorsed it to the plaintiff. The plaintiff alleged that it was a corporation doing business under the laws of the State of Alabama. In the answer the defendant admitted the execution and delivery of the note, but denied the incorporation of the plaintiff and the assignment to it of the note. On the trial the defendant introduced no evidence, but objected to the deposition of A. R. Forsyth, who testified that he was vice president and treasurer of the plaintiff, that it is a corporation under the laws of Delaware, with its principal offices at Birmingham, Alabama, where it is engaged in mining coal and ores and manufacturing coke, pig iron, steel, nails, and wire, and that the note sued on had been transferred to it by the payee, the Hardware Company, in payment of its account. The defendant objected to this evidence.

The existence or nonexistence of a corporation is a fact and may be proved as other facts. In *Bank v. Carr,* 130 N. C., 479, a witness, in a deposition, testified that a certain bank was a corporation, and the Court held that this was prima facie evidence to the fact.

The existence of the corporation may be proved by reputation. 10 Cyc., 241. In *R. R. v. Saunders,* 48 N. C., 127, the Court held that the organization of a corporation may be proved by a witness who saw the alleged corporation acting as such.

In a criminal action it is not necessary to produce the charter of a corporation, but it is sufficient to prove that it carried on business in the name set out in the indictment and was well known by that designation. *S. v. Grant,* 104 N. C., 910.

In *Stanly v. R. R.,* 89 N. C., 332, it is held difficult to assign any good reason why a corporation suing or being sued should be designated by any other description than its corporate name, just as with a natural person, the only purpose in either case being to point out the party to the action. Here the note was indorsed to the plaintiff under its alleged corporate name, and the assignment and that the plaintiff was doing business under such corporate name are shown, and there is no evidence to the contrary.

Besides this, the deposition was on file in the clerk's office and there was no objection taken to the testimony of Forsyth until the trial. In *Morgan v. Fraternal Assn.,* 170 N. C., 81, where a deposition was open and on file before the trial, on an objection to the deposition being taken for the first time on the trial, it was held that the objection could not be sustained, citing *Ivey v. Cotton Mills,* 143 N. C., 189, 197; *Bank v. Burgwyn,* 116 N. C., 122; 124. In *Carroll v. Hodges,* 98 N. C., 419, it was held that a deposition will not be quashed or rejected either in whole or in part on motion made for the first time at the trial, when it has been on file long enough before the trial for the objection to be made.

The defendant admits the execution and delivery of the note to the Hardware Company. Its indorsement in blank is proven by the witness Allsbrook, and its transfer to the plaintiff in due course is proven by the deposition of Forsyth. The law presumes that the holder of a note indorsed in blank is its holder in due course; that he took it for value before maturity and without notice of any equity; that he is the owner and has the right to bring suit to enforce collection. There is no evidence in this case to overcome these presumptions. Every holder is deemed a holder in due course, and upon the execution of the instrument being proven every holder is deemed prima facie a holder in due course. Pell's Revisal, secs. 2201, 2208; *Mfg. Co. v. Summers,* 143 N. C., 109. Such prima facie case is not rebutted by a denial in the answer of the ownership of the plaintiff. *Causey v. Snow,* 120 N. C., 279.

No error.