# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## KYLE T. COX v. J. M. PARSONS.

January 16, 1936.

Present, Campbell, C. J., and Holt, Gregory, Browning, Chinn, and Eggleston, JJ.

The opinion states the case.

*H. A. Cox, M. J. Fulton* and *Gilmer, Wysor & Gilmer,* for the plaintiff in error.

*S. B. Campbell, Kirby & Kirby, T. E. Brannock* and *Showalter, Parsons, Kuyk & Coleman,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The plaintiff in error was the defendant in the trial court and the defendant in error was the plaintiff. They will sometimes be referred to by their proper names and sometimes as they were related in the trial court.

Kyle T. Cox executed to A. M. Kirk & Son a note for $962.50 on October 15, 1928. On November 9, 1928, this note was transferred to J. M. Parsons, the plaintiff, by endorsement.

J. M. Parsons brought suit against Cox as the maker of the said note.

The defense was based on two major grounds:

(1) That J. M. Parsons was not the *bona fide* owner of said note without notice of its infirmities.

(2) That on account of the business relations between J. M. Parsons and Kirk & Son the latter were agents of Parsons to collect the note from Cox, the maker, by the acceptance of cattle from Cox, and did, with the express or implied consent of Parsons, make and receive collection in this way.

Parsons, the plaintiff, filed the note as the sole proof of his claim without any testimony to the effect that he was the holder or owner thereof.

The defendant, at this juncture, moved the court to strike the evidence of the plaintiff as being insufficient to sustain the issue. This motion was overruled, upon which action of the court error is predicated.

We think the ruling of the court on this point was in accordance with the holdings of this court in repeated cases, involving the same question.

In the case of *Holdsworth* v. *Anderson Drug Co.,* 118 Va. 359, 87 S. E. 565, 566, the plaintiff, to maintain the issue on his part, offered in evidence the note and endorsement, but the circuit court, on the motion of the defendant, excluded the note and endorsement from the jury, and no other evidence being offered there was a verdict for the defendant, which the court sustained. This court said:

"It is clear that the evidence offered by the plaintiff (which the court excluded) was not only admissible, but, by force of the statute, made out a *prima facie* case for recovery, and entitled him to rest until rebuttal evidence was adduced on behalf of the defendant."

The same principle is announced in the case of *Payne* v. *Zell,* 98 Va. 294, 296, 36 S. E. 379. See also, section 5621 of the Code of Virginia.

The defendant then put on his case consisting of the testimony of various witnesses, including the plaintiff and the plaintiff's bookkeeper and others, as adverse wit-

nesses, and at its conclusion the plaintiff moved the court to strike out the evidence of the defendant and enter up judgment for the plaintiff. The court sustained this motion and the jury returned a verdict for the plaintiff.

The defendant then moved the court to set aside the verdict as contrary to the law and evidence, and for other alleged errors in the rulings of the court, which will be presently noticed.

The evidence showed that A. M. Kirk & Son were large cattle dealers; that they transacted a large credit business and received notes of farmers, representing the purchase price of cattle sold to them; some of these transactions were straight out sales, and some of them were conducted on the buy-back plan. The present case is on a contract on the latter plan.

Cox bought cattle from Kirk & Son in the fall of 1928. He executed his note, which is the note in issue, for the purchase price. He and Kirk & Son entered into a collateral contract for the repurchase of these cattle at an advance price in the fall of 1929. A negotiable note, regular on its face, was executed by Cox and delivered to Kirk & Son. This note at its left hand bottom corner bore the notation, "For fifteen cattle."

The evidence, which was struck out, showed that Parsons was familiar with the business transacted by Kirk & Son to the extent of its character as above referred to. It did not, however, show that Parsons had knowledge that the sale to Cox, which was the basis of the note in question, was on the buy-back plan. Parsons purchased the note, for value, before maturity and without notice of any equities of any character between Cox and Kirk & Son. This statement is not gainsaid by any evidence that is legal and admissible.

The trial court held as inadmissible and illegal the testimony of Cox to the effect that at the time the cattle were redelivered by him to Kirk & Son, October 15, 1929, it was understood between them that the redelivery of the cattle

was payment of the note which Cox had executed and which is the subject of this suit.

The court likewise excluded from the consideration of the jury a written memorandum bearing the same date as the note, to-wit: October 15, 1928, that Cox, in addition to the purchase of fifteen cattle on his own account, had purchased, as agent for S. M. Cox, other cattle from Kirk & Son on the buy-back plan, for which a note was executed by S. M. Cox for $3,290.80, which note was also purchased by Parsons, under similar circumstances as attended the transaction in judgment.

■ The written memoranda in the case of both notes made no reference at all to the notes. The provisions contained in them did not purport to effect the discharge or payment of negotiable notes. They were entirely unrelated to the notes so far as their terms show. The two instruments were strangers.

They might import an equity between Cox and Kirk & Son but this could not affect Parsons, unless he was made aware of it, which the evidence does not disclose.

There was no error, in our opinion, in the exclusion from the jury of the contemporaneous written memoranda under the circumstances of this case.

■■ As to the assignment of error calling in question the action of the court in excluding the contemporaneous verbal agreement, it is patent that such testimony offends and violates the parol evidence rule with respect to admitting it as evidence to vary the terms of a written instrument. Nowhere is this rule more strictly adhered to than in Virginia.

In *Rector* v. *Hancock,* 127 Va. 101, 102 S. E. 663, 665, the precise principle here involved was an issue. It is there said:

"One of the essential attributes of a negotiable note is that it is payable in money. Code 1919, sec. 5746; Bigelow on Bills & Notes, p. 27. The notes in this case are described as negotiable in the bill, and upon their face are plainly payable in money. Their terms leave nothing un-

certain or equivocal as to the medium of payment, and they thus fall within the general rule that 'when parties have deliberately put their engagements into writing in such terms as import a legal obligation, without any uncertainty as to the objects or extent of such engagement, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing, and all oral testimony * * * as would tend to substitute a new and different contract for the one which was really agreed upon, to the prejudice possibly of one of the parties, is rejected. In other words, as the rule is now more briefly expressed, "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid instrument." '

\* \* \* \* \* \* \* \* \* \*

"Upon the precise quotation now before us—the admissibility of parol testimony to show that a note or other obligation in terms payable in money was in fact to be discharged in some other way—we have found no Virginia decision, but the authorities cited above and the reason of the matter would seem necessarily to lead to the conclusion that such evidence is inadmissible. There is some conflict of authority upon the question, but it is believed that the conflict is more apparent than real, and due, in some cases at least, to the failure to distinguish between a contemporaneous parol contract intrinsically connected with the written contract, and one which is extrinsic and independent of the writing. The former if challenged cannot be availed of for any purpose, while the latter may be the basis of an independent action, or of an offset or counter-claim against a demand upon the written contract."

See also, section 5621 of Code of Virginia; *Crafts* v. *Broadway Nat. Bank,* 142 Va. 702, 128 S. E. 364; *Barrett* v. *Vaughan & Co.,* 163 Va. 811, 178 S. E. 64; Bigelow on Bills, Notes and Checks (3d Ed.) section 482.

We think there was no error in the rulings of the trial court upon the admissibility of the evidence sought to be

introduced by the defendant. Therefore it is unnecessary to comment upon the defense of accord and satisfaction. Its elements do not exist in this case.

There is no evidence sufficient to show that, in the transaction in question, Kirk & Son was acting as the agent of Parsons.

It follows that the judgment of the trial court is affirmed.

*Affirmed.*