## 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡

HUMBLE OIL & REFINING COMPANY v. ALFRED C. COPLEY AND ANGELIA K. COPLEY.

November 27, 1972.

Record No. 7937.

Present, Snead, C.J., I'Anson, Carrico, Harman and Poff, JJ.

*Gordon F. Rainey, Jr. (H. Merrill Pasco; Benjamin C. Ackerly; Hunton, Williams, Gay & Gibson, on brief), for plaintiff in error.*

*Ralph E. Boucher (Boucher & Boucher, on brief), for defendants in error.*

POFF, J., delivered the opinion of the court.

Humble Oil & Refining Company filed a motion for judgment against Alfred C. Copley and Angelia K. Copley, his wife, jointly and severally, for $5,557.48 alleged to be the unpaid balance on a $6,000.00 demand note made by the Copleys payable to Humble, and for interest and attorneys' collection fee.

The Copleys counterclaimed and cross-claimed for $9,194.86.

To a judgment order entered on the jury's offset verdict assigning damages to neither party, Humble petitioned for a writ of error which we granted.

The note, under seal and dated January 9, 1964, was given in consideration of and as security for Humble's consignment of gasoline, oil, tires, tubes, batteries, and anti-freeze for sale at Humble's Highland Esso Service Station in Abingdon, Virginia, which Alfred C. Copley operated under a Service Station Manager Agreement. Under the agreement, first dated December 18, 1963, and twice later modified and renewed, Copley was required daily to remit to Humble cash and credit card receipts from sales, subject to the agreed commission.

Humble claims that Copley failed to make remittances for the period between December 12, 1967, and March 10, 1968. Humble made demand for payment. Claiming that Humble was indebted to him for certain credit card errors, supplemental commissions promised by Humble's agent, and gasoline shrinkage, Copley refused. Humble brought suit on the note.

The trial court disallowed plaintiff's evidence proffered to prove the reasonableness of the attorneys' fee and, adhering to an earlier ruling, held that this "is a suit on an account and you are not entitled to attorney's fees on the note". This ruling is the predicate for Humble's principal assignment of error.

Humble contends that the holder of a note taken for an underlying obligation is entitled to sue on the note or the obligation as he may elect. The question raised is one of substance. In a suit on a note, once the necessary signatures are admitted or established, the holder is entitled to recover unless the defendant establishes a defense. *Cox* v. *Parsons*, 165 Va. 575, 183 S.E. 440 (1936); *Holdsworth* v. *Anderson Drug Co.*, 118 Va. 359, 87 S.E. 565 (1916). The defendant has the burden of establishing his defense by a preponderance of the evidence. *See Catron* v. *Bostic*, 123 Va. 355, 96 S.E. 845 (1918). The holder has the benefit of a presumption of consideration. *Trevillian* v. *Bullock*, 185 Va. 958, 40 S.E.2d 920 (1947).

In this case, if Humble is denied a choice of remedies and is required to proceed on the account, it will not be entitled to attorneys' collection fees and it will lose whatever right it might have to enforce judgment against Mrs. Copley, a co-maker of the note but not a party to the account.

While there are no Virginia cases directly in point, a number of states, including our sister states of North Carolina and South Carolina, have decided that the holder of a note taken for an underlying account has a choice of remedies. *Warren* v. *McLawhorn, et al.*, 205

N.C. 360, 171 S.E. 355 (1933); *Stalnaker* v. *Tolbert*, 121 S.C. 437, 114 S.E. 412 (1922).

Effective January 1, 1966, Virginia adopted the Uniform Commercial Code. Under § 8.3-802(1)(b) of the Code, where an instrument taken for an underlying obligation is dishonored, "action may be maintained on either the instrument or the obligation".

The January 9, 1964, note antedates the effective date of the statute. However, § 8.10-101 of the Code provides that the Code "applies to transactions entered into and events occurring after" the effective date. Here, the transactions and the events which precipitated the demand for payment and made the note actionable (the consignments of products and the alleged defaults in remittances) occurred in 1967 and 1968, and with respect thereto, the Uniform Commercial Code is fully applicable. *See August* v. *Poznanski*, 383 Mich. 151, 174 N.W.2d 807 (1970); *United Securities Corp.* v. *Bruton*, 213 A.2d 892 (D.C. Ct. App. 1965).

We hold that the trial court erred in its ruling. We find it unnecessary to consider other assignments of error. The judgment is reversed and the case remanded for a new trial.

*Reversed and remanded.*