## CIRCUIT COURT OF AMHERST COUNTY

Exxon, Inc.

v.

Worley

December 19, 1973

By Judge Robert C. Goad

In this law action on two notes, the jury found for the defendant, Worley, on Exxon's Motion for Judgment and for the plaintiff, Exxon, on Worley's Counterclaim.

Exxon moved the Court to set aside the verdict as contrary to the law and the evidence in that the verdict awarded no amount to the plaintiff, there being no proper evidence upon which to base such a verdict, and on the further main ground that the Court erred in failing to instruct the jury that the plaintiff was entitled to the 18% attorney's fee sued for in the Motion for Judgment. The two notes forming the basis for the suit of Exxon called for payment of attorney's fees not exceeding 18%.

In a recent similar case, *Humble v. Copley*, 213 Va. 449 (1972), the Court said: "In a suit on a note, once the necessary signatures are admitted or established, the holder is entitled to recover unless the defendant establishes a defense. The defendant has the burden of establishing his defense by a preponderance of the evidence." In the case at bar, the two original notes sued on by Exxon were introduced in evidence, without objection, and the signatures of both defendants as makers of the notes were fully established and admitted. Therefore, the defendants had the burden of establishing their defense by a preponderance of the evidence. The Court is of the opinion, and so finds, that as a matter of law, the defendants did not carry this burden, with the minor exceptions hereinafter set forth.

Plaintiff's Exhibit 3 shows a breakdown of the $4,617.02, being the balance claimed due on the notes by Exxon. Taking the large amounts on the Exhibit in order, the following was clearly estab-

lished by the evidence: the $1,200.00 was interest on the two notes; the $2,279.04 was for a load of gas or fuel delivered in January, 1968, which was first put on open account and then transferred to the note account; the $563.00 was for equipment bought by Worley; the $2,545.65 was for fuel on hand on December 31, 1967; and the $896.80 was for motor oil or lubricants on hand December 31, 1967, when Worley started as a dealer; the $2,401.61 was for a load of gas or fuel delivered in January, 1968, which was first put on open account and then transferred to the note account; and the $5,481.65 was the total of the proper credits to which Worley was entitled.

The defendant, Worley, was the only witness for the defense, and his testimony was so confusing and contradictory throughout that by no stretch of the imagination could such testimony be held by this Court to establish any defense to the above large items on Exhibit 3 by a preponderance of the evidence. For example, on page 119 he suggested that he paid for the load of fuel in the amount of $2,279.04, but on page 143, he said he did not know whether he paid; on page 121 he suggested he paid for the load of fuel in the amount of $2,401.61, but on page 145, he said he did not know whether he paid; on page 152 he said he kept all his bills and receipts, and on page 129, he said he could not find a receipt for these two loads; on page 148 he said he was not disputing the items on Exhibit 3 and that the only two items in question were those on the Judd memo, Defendant's Exhibit 3. Yet, the items on the Judd memo were cleared up beyond question as having been properly attributable to a dealer in Maryland. And later, he claimed Exxon owed him something over $2,000.00 without any supporting evidence. Further, the defendant refused to introduce in evidence the trade account records, from which and about which counsel for the defendant asked so many questions, and the defendant did not introduce in evidence all of his records which were in Court.

There was some confusion in the testimony of the plaintiff's witness, Mr. King, but the Court believes that he satisfactorily explained all of the above large figures on Exhibit 3, and his testimony certainly cannot be considered as proving any defense to the plaintiff's claim by a preponderance of the evidence.

Considering the evidence as a whole as to the six small items, each less than $100.00, on Plaintiff's Exhibit 3, the Court finds that these six items should not be charged to the defendants. The four amounts

of $50.00 plus a few cents each total $200.57, and when the various figures testified to on pages 86 through 89 are computed, the overage of $686.10 must mean that the $200.57 was transferred back or left in the open account and later paid. If this were not so, the overage would have been $886.67. And the two $6.00 charges were for credit card sales after Mr. Worley's dealer relationship was ended on February 28, 1970.

Accordingly, the verdict for the defendant on Exxon's Motion for Judgment is set aside, and final judgment will be entered for Exxon against the defendant in the amount of $4,404.45, being the amount claimed due on Exhibit 3, $4,617.02 less the above $212.57 disallowed by the Court plus the court costs and an attorney's fee to plaintiff's counsel of $500.00, which the Court deems a reasonable fee in this case. The attorney's fee is allowed under the terms of the two notes sued upon by Exxon and under the rules laid down in *Conway v. American National Bank,* 146 Va. 357, 364-365 (1926).